Gusman et als. v. Mrs. Zulme E. Hearsey and Husband.

## No. 5043.

### A. L. Gusman et als. *v.* Mrs. Zulme E. Hearsey and Husband.

The partition of succession property, real and personal, can be considered a no more solemn act than the transfer of real property, which may be proved by propounding interrogatories, as was done in this case. Therefore the exception to the interrogatories was not well taken, on the ground that no act of partition can be proven under the law, except by a written act of partition signed and executed by the parties thereto.

The motion to strike out certain specified portions of defendant's answers, as being irrelevant or contradictory, can not be maintained. The object of the interrogatories was to prove a partition by the mutual consent of all the heirs and to establish the consent of the respondent thereto. She certainly had the right to state all the conditions and stipulations of the alleged agreement and the facts upon which her refusal to complete it was based. Such matters are closely linked to the facts on which she was interrogated, and they related to the very gist of the controversy. They are not irrelevant, nor are they con tradictory, when taken all together.

The defendant objected to the introduction of her answers, until the plaintiffs had first shown that actual delivery of the property was made under the alleged partition. The answers were properly received. It is a rule of practice under our jurisprudence not to control a party in the order of introducing his proofs.

The defendant's objection to any parol evidence to contradict her answers to interrogatories on facts and articles is well taken. The plaintiffs' action is based on the theory that the partition is a transfer or exchange of real estate, and it is well settled that the answers of a party to interrogatories propounded to prove such transfer or exchange, can not be disproved or contradicted by parol.

The same objection was properly taken to the parol evidence to prove a partition "of the movable property mentioned in each lot." The partition of a succession is the division of the effects of which the succession is composed, among all the co-heirs, according to their respective rights. In this case the succession was composed of real and personal property and rights, and the partition was intended to be of such property and rights as a whole or mass, and the evidence should be that which is necessary in relation to real property.

The proof of the delivery of real property is not confined to written or documentary evidence.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Cole, J. Samuel P. Greves, A. S. Herron* and *E. W. Robertson,* for plaintiffs and appellants. *J. W. Burgess, James O. Fuqua, Favrot & Lamon,* for defendant and appellee.

Howell, J. This is a suit to enforce an alleged verbal partition of succession property " by propounding interrogatories on facts and articles to the defendant, in order to prove by her testimony that the partition was effected."

The defendant peremptorily excepted " that no act of partition can be proven under the law except by a written act of partition, signed and executed by the parties thereto."

The partition of succession property, real and personal, can be considered a no more solemn act than the transfer of real property, which may be proven by propounding interrogatories, as was done in this case. The exception was not well taken.

The plaintiffs moved to strike out specified portions of two of the answers of the defendant, on the grounds that they were not categori-

cal answers to the questions propounded, and not closely linked to the facts on which she was questioned, and were contrary to her answers to other questions.

The portions objected to are statements of the defendant to the effect that the agreement to make a partition embraced the condition, that a portion of the property should be set aside and sold to pay the debts, including one with the interest thereon due to the respondent, and that the other heirs insisted upon a reduction thereof and positively refused to allow the interest thereon, for which reason she declined to complete the partition. The object of the interrogatories was to prove a partition by the mutual consent of all the heirs and to establish the consent of the respondent thereto. She certainly had the right to state all the conditions and stipulations of the alleged agreement and to the facts upon which her refusal to complete it was based. Such matters are closely linked to the facts on which she was interrogated, and they related to the very gist of the controversy. Nor are they contradictory, when taken all together. The motion to strike out was therefore properly disallowed.

The defendant objected to the introduction of her answers until plaintiffs had first shown that actual delivery of the property was made under the alleged partition. It is a rule of practice under our jurisprudence not to control a party in the order of introducing his proofs, and the answers therefore were properly received when offered. She also objected to any parol evidence to contradict her answers to interrogatories on facts and articles. This objection was well taken.

The plaintiffs' action is based on the theory that the partition is a transfer or exchange of real estate, and it is well settled that the answers of a party, to interrogatories propounded to prove such transfer or exchange, can not be disproved or contradicted by parol. R. C. C. 2275-76; 3 La. 1118; 10 R. 466; 4 An. 103; 10 An. 132; 12 An. 114.

The same objection was properly made to the parol evidence to prove a partition of the movable property mentioned in each lot. "The partition of a succession is the division of the effects of which the succession is composed, among all the co-heirs, according to their respective rights." R. C. C. 1293.

In this case the succession was composed of real and personal property and rights, and the partition was intended to be of such property and rights as a whole or mass, and the evidence should be that which is necessary in relation to real property. It is unnecessary to pass on the other bills of exceptions in the record, further than to remark that the proof of the delivery of real property is not confined to written or documentary evidence.

Referring to the answers of the defendant, upon which the controversy must be determined, we think the plaintiffs have not proven the alleged partition. Her statement that she declined to consummate it, because her co-heirs refused to allow and provide for the whole of her claim against the estate, which she says was a condition, shows that her consent was not given and that therefore there was not a voluntary partition. R. C. C. 1294.

Her answers do not satisfy us that the partition, which was attempted, was completed, nor does all the evidence, taken together, prove that she took possession of the property in the lot falling to her.

Judgment affirmed.

Rehearing refused.