The judgment appealed from is, accordingly, affirmed.

━━━━━

(51 South. 444.)

No. 17,708.

BREAUX et al. v. ALBERT HANSON LUMBER CO., Limited.

(Jan. 3, 1910.　On Application for Rehearing, Feb. 14, 1910.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR (§ 595*)—RECORD—ONE TRANSCRIPT SUFFICIENT.

There is no necessity of making two transcripts of appeal, and the appellee may use the same transcript as the appellant, when such appellee desires to also occupy the position of appellant, provided that the cost of the transcript is shared by both.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2623; Dec. Dig. § 595.*]

On the Merits.

2. INSANE PERSONS (§ 93*)—ACTIONS BY CURATOR—AUTHORITY TO DISCONTINUE.

When a curator institutes a suit on behalf of an interdict, and later files a motion to discontinue the suit, the court may grant the application. The curator has the right to decide whether or not he will assume the responsibility of continuing a suit, and he is responsible to the interdict for any damage that may result from the discontinuance of the suit.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 163; Dec. Dig. § 93.*]

3. ESTOPPEL (§ 59*)—LEADING OTHER INTO ERROR—RIGHT TO CLAIM BAD FAITH.

A plaintiff who leads a defendant into error cannot benefit himself by charging the defendant with bad faith when he himself is not in good faith.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 147; Dec. Dig. § 59.*].

4. ESTOPPEL (§ 117*)—PARTITION (§ 5*)—PAROL PARTITION OF IMMOVABLE PROPERTY BY CO-OWNERS—BAD FAITH—PAROL EVIDENCE.

While it is well settled that a partition of immovable property must be in writing, still where the parties have agreed to partition the property by drawing a line through it, and the defendant has incurred expenses in making this informal partition, and this informal partition was induced by the bad faith of the plaintiff, parol evidence is admissible to prove the bad faith of the plaintiff, and all that is needed to sustain a plea of estoppel may also be proved by parol testimony.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 307; Dec. Dig. § 117;* Partition, Cent. Dig. §§ 13–17; Dec. Dig. § 5.*]

5. TENANCY IN COMMON (§ 21*)—TRESPASS BY CO-OWNERS—LIABILITY.

Where a defendant accepts the verbal representations of a co-owner that he has authority to represent his other co-owners, and such defendant goes upon the land and commits acts that amount to trespass, without first requiring evidence of the authority the first co-owner claims to possess, the defendant will be responsible to the other co-owners not aware of the trespass for any damage caused them by his acts on the land. The testimony does not show that the plaintiff knew what defendant was doing on the land.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 62; Dec. Dig. § 21.*]

6. PRESCRIPTION. — UNLAWFUL CUTTING OF TIMBER BY CO-OWNERS.

The unlawful cutting of timber by a co-owner on the land held in common is not subject to the prescription of 12 months.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 473; Dec. Dig. § 95.*]

*(Additional Syllabus by Editorial Staff.)*

7. ESTOPPEL (§ 55*)—EQUITABLE ESTOPPEL—RELIANCE ON ADVERSE PARTY.

One is estopped who by his conduct or representations causes another to take a position or do something which he would not have taken or done, but when one is thoroughly informed, and knows of all the particulars, there is no estoppel as to him.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 138; Dec. Dig. § 55.*]

8. ESTOPPEL (§ 55*)—EQUITABLE ESTOPPEL—RELIANCE ON ADVERSE PARTY.

Estoppel is applied to present injury, and presupposes error on the part of one who has been misled, but does not apply when everything is well known.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 138; Dec. Dig. § 55.*]

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. P. Martin, Judge.

Action by Mrs. Robert Breaux, tutrix, and others, against the Albert Hanson Lumber Company, Limited. From the judgment, both parties appeal. Affirmed.

Suthon & Wurzlow (W. C. Baker, of counsel), for appellants. Butler & Bourg and O'Niel & Alpha, for appellee.

BREAUX, C. J. Plaintiffs instituted this suit to recover $10,000 of the defendants for alleged trespass upon their property. In addition, plaintiffs claim an amount which they allege the court will find to be due for trees cut down and removed from the land described in their petition. They ask that defendants be condemned to account for the value of the trees cut down, of which they claim one-third as owners. They pray for judgment enjoining defendants from cutting, entering, and using the canal cut by defendants upon their said lands.

They charged trespass of defendants by entering upon their lands, cutting down and taking away a large number of cypress trees, despite plaintiffs' objection, it is said; further, that defendants also trespassed on plaintiffs' land by cutting a canal across it, through which they were floating logs and timber.

The defendants set out their title to the cypress timber, and the right to deaden, cut, fell, and float all these trees, and the right to cut a canal, the privilege to erect camps, and do all needful in their interest to float away these trees.

The contention of defendants is that Ernest Breaux, representing that he was the owner or agent of all the one-third interest in the timber, proposed that a survey of the land be made jointly with defendants, and a division in kind; that they consented to his proposal, and a survey was made. They established a line upon one side of which defendants should take and hold all the timber, while Earnest Breaux, as owner and agent, was left in possession of all the timber upon the opposite side of the line; that is, on the one-third remaining.

Similar agreement, it is stated by defendants, was arrived at about the timber which was on the left descending bank of Bayou Black.

They detail at some length all the grounds of defense, including a plea of estoppel, to be considered later.

The plaintiffs appealed from the judgment of the district court.

The defendants joined in the appeal, and asked for an amendment of the judgment.

We will pass upon this application to amend the judgment in deciding the issues of the case.

### Motion to Dismiss.

Appellees furnished a bond in accordance with order of appeal in order to become appellants as well. It asks to use the same transcript used by its coappellant. They wished to be appellants as well as appellees, and be in position as they deemed doubtless to present all their rights.

As a party to an appeal is at liberty to take the appeal upon complying with the law in regard to bond, and other required formality, and use the same transcript, there is no necessity of making two transcripts of appeal. One will suffice provided the costs of it are shared between appellees.

Motion to dismiss overruled.

### Statement of the Case.

The facts are that the land on which the trees were standing is situated in the parish of Terrebonne on both sides of Bayou Black, measuring 2½ arpents fronts on each side of the banks of this bayou by 40 in depth on each side.

The line on the west side of the bayou was referred to in the evidence as the line

on the right descending bank of that bayou, and that on the east as the left ascending bank.

The defendants owned one-third of this land.

It was formerly owned by Pierre Breaux and his late wife, who died in the year 1890, leaving nine children, issue of their marriage. It was community property. Pierre Breaux and three of his children sold their undivided interest to defendants. The other children owned the other undivided third.

Ernest Breaux, one of the sons of Pierre Breaux, inherited one-eighteenth of the property, and acquired one-eighteenth by purchase from J. Breaux and one-eighteenth by purchase from P. Breaux, and four-sevenths of the undivided one-eighteenth which belonged to the Dumesinil children, who are the grandchildren of Pierre Breaux and his late wife. And thus Ernest Breaux became the owner of the larger portion of the remaining third of the property.

Eva Breaux, one of the children of Pierre Breaux and his late wife, is an interdict, represented by her brother, Jules Breaux, as curator.

It seems that the suit was not tried immediately in the district court. About a year before the trial, but after the suit had been brought, the curator filed a motion to discontinue the case in so far as the interdict he represented was concerned.

This motion was sustained and the case discontinued.

The undercurator made no appearance in the case. No attempt was made to reinstate it.

If the curator declines to permit a suit in the name of the interdict he represents and asks that it be discontinued, the court may grant the application or may leave it to the undercurator to represent the interdict whom the curator refuses to represent in the suit.

If the curator ever authorized the suit (of this there is no conclusive evidence), he had the authority to assume the responsibility, if he chose, of discontinuing it, as it was for him to determine whether he would assume the responsibility of such an act concerning the interdict whom he represented.

We infer that he is under bond, and that he can be held liable in damages if his discontinuance operates to the prejudice of the interdict.

While there is not the least blame to be attached to the firm by whom the suit was brought, as they were informed by good authority, as we gather, that the suit should be brought in the name of the respective plaintiffs, none the less it does not appear that this curator authorized the suit, and therefore he had the right to discontinue it.

The defendants interposed the prescription of 12 months on the ground that the timber was cut down and floated away over 12 months before the suit was brought.

We will in the first place take up the case of Ernest Breaux.

We will say as to him that a plaintiff who charges a defendant with trespass and bad faith should himself have acted in good faith.

This plaintiff was most active in the negotiations and acts which led to the taking away of the trees by defendant, joint owner with the plaintiffs. He, this plaintiff, was not in good faith. He cannot benefit himself by charging bad faith in others who have only accepted his propositions and have taken his representations as true.. They acted upon them, and subsequently found that they had been led into error. This plaintiff represented that he was the owner of the undivided third and that he had the authority to dispose of it.

It was a little hasty, to say the least, on the part of defendants in accepting these propositions and representations upon insufficient evidence. But this is scarcely ground upon which this plaintiff can stand in so far

as relates to good faith. At his instance, a survey was ordered and a dividing line drawn between lands, consisting of the one-third owned by all the plaintiffs and the two-thirds of the defendants. The line was well defined. It was thoroughly well understood between the plaintiff Ernest Breaux and the defendants.

Some time afterward there was some talk about the line not being correct. It involved a small area. This, we understand, was corrected. In obtaining this correction this plaintiff stands in the position of having affirmed his agreement in regard to the first line, subsequently corrected, as just stated.

It seems that both parties are interested in a partition. They chose a short cut to this partition, which was unquestionably an error; but, this plaintiff being a party, this error cannot avail him to defend himself.

It is well settled that a partition of immovable property must be made in writing.

We do not give to the surveyor's line the effect of a partition. The special agreement, however, between this plaintiff and defendants must, under the facts and circumstances, have effect. The defendants incurred expenses besides paying the price.

We hold that the bad faith of this plaintiff was susceptible of proof by parol, and that the oral testimony admitted to that end was admissible.

It may also be proven by oral testimony all that is needful to sustain the plea of estoppel.

In this instance this plaintiff, by his representation and connivance, estopped himself from charging the defendants with trespass and wrongdoing. To illustrate:

The owner who remains silent when he should speak, who allows his property to be offered at public auction, and urges no objection, is estopped from claiming the property which has passed into other hands. The fact that he was well aware that the prop-erty was offered, that he persisted in not speaking, may be proven by parol.

The fact that a person has acted in bad faith and has induced another to come on his property and commit an act, which would amount to trespass without that invitation, may be shown by parol, and, if proof sustain the plea, he cannot recover the property which he induced another to take, and if he was instrumental in bringing about the very state of which he complains. If he were permitted to recover, he would be allowed to take advantage of his own wrongdoing.

The ground that the principal stockholder of the defendant company sought this plaintiff, and was the first to propose to plaintiff to buy the trees, can be of no consequence. It was for this plaintiff to decline to accept. It does not appear that this defendant or any of its agents or officers sought to capture the judgment of plaintiff, or to impose upon him by unfair representations. It was only necessary for him to decline to accept defendant's proposal to buy in order to retain all of his rights.

It appears in evidence that this plaintiff is unlettered. Though unlettered, he knew very well that in selling property he was not acting as he should in accepting the price, unless he intended to sign the deed (nor could he for an instant presume that in inviting his vendee to come on his property and exercise acts of ownership in regard to which there was an agreement he was acting properly). He evidently was not in good faith. He induced the defendants, as we have before stated. In our opinion he is estopped, and cannot recover.

We have stated that there is before us a plea of prescription of 12 months.

This plaintiff knew from the first that defendants were working on this land, cutting down and floating away the trees.

If there was a trespass by defendants (there was not) as to this plaintiff, the tak-

ing of the timber, under the circumstances, was prescribed.

There were two attempts made in regard to separating and partitioning the interests of the land.

Other owners of the one-third of the land in question claim their respective undivided interest.

They had naught to do with defendants' possession of and work on the land to which they had been invited by Ernest Breaux. They therefore have no reason to be concerned with the acts of the joint owners.

No one had authority to represent them.

Defendants appropriated the trees without regard to their interest, and without inquiry as to their wishes as owners. They accepted the verbal representation of the brother Ernest Breaux without once inquiring whether he had evidence proving that he was authorized to represent the plaintiffs, whose interest we are now considering.

Defendants' agents were without right to go on the land as they did. They were as between them and the present plaintiffs trespassers. To this extent the company owes to the plaintiffs the value of the lumber from the trees.

Joint owners must respect the rights of each other. Hake v. Judge, 52 La. Ann. 105, 26 South. 769; Hake v. Lee, 104 La. 149, 28 South. 1004; Cotten v. Christen, 110 La. 447, 34 South. 597.

An attempt has been made by defendants to prove that these particular plaintiffs were aware of the work of defendants in cutting down timber and in digging a canal, as they reside at no great distance from the land.

We have considered the testimony on this subject. It does not satisfactorily prove that they had the knowledge which defendants urged they had. They must then be considered as not having notice of defendants' activity on this land.

The defendants, we have noticed, interpose the plea of prescription of one year.

This plea is earnestly urged.

As it was not proven that these particular plaintiffs were aware of defendants' trespass, it cannot reasonably be held that they have lost their right to this plea by remaining silent when they should have spoken, as they knew nothing about the trespass.

A joint owner who avails himself of the opportunity that this joint ownership affords to go on the land, but who does not stop with going on the property, but, in addition, takes his joint owner's property and floats it away, is not in a position to urge 12 months' prescription as against those who knew nothing about his trespass by cutting down their trees.

Some of the parties were not sui juris. Everything considered, facts and circumstances, we have concluded to overrule the plea as to these plaintiffs.

It was not an act of ordinary trespass. A joint owner owes some duty to his joint owners, at any rate, to the extent of not taking the property unless he is entirely certain that he has their consent.

This brings us to the question of the value of the trees.

One of the plaintiffs with assistance went on the land and measured the tops of the stumps.

They did not measure the limbs of the trees or the tree tops.

The testimony is that is not the correct way of measuring trees.

The testimony of defendants has been accepted as correct by the judge of the district court. They gave full measure, it is stated in evidence. They measure the trees in the usual way. The manner of ascertaining the number of feet was as usual and the amount due was arrived at reasonably correct.

It was not shown that there was an unusually large number of trees on the land. It does appear that the number found is about correct.

We will not change the measurement. It has the appearance of being sufficiently correct as the basis for the judgment.

For reasons stated, the judgment is affirmed at appellee's costs.

The rights of the interdict are hereby reserved.

## On Application for Rehearing.

There was timber taken by defendant on the right descending bank of Bayou Black, and timber taken on the left descending bank of that bayou.

As to the timber taken on the right descending bank, the plaintiff was estopped by his conduct. The decision heretofore handed down holds him bound as to the whole of the timber on the right bank.

As to the timber on the left bank, before it had been cut down and removed or anything done towards removal, the plaintiff Robert Breaux, since deceased, and his attorneys, notified the defendant not to cut these trees.

The date of the notice is not contested. It was, as above stated, before the trees were cut down.

The defendant was amply notified. None the less, it chose to cut down and take away the trees to which it had no right, and in regard to which there was no estoppel.

It must be borne in mind that defendant's agent was the one who called on plaintiff Robert Breaux, since deceased. True, the latter assumed too much and promised too much.

At the same time, after defendant was fully notified, there was no ground for estoppel.

One is estopped who by his conduct or representations causes another to take a position or do something which he would not have taken or done, but when one who is thoroughly informed, knows of all the particulars, as defendant knew, before it took these trees, it cannot be claimed that the plaintiff is estopped.

Defendant was not misled.

Estoppel is applied to present injury. There was no injury done after the defendant had been legally informed.

Estoppel presupposes error on the part of one who has been misled, and estoppel does not apply when everything is well known.

Furthermore, the defendant had no title. It was allowed the trees on the west side of the bayou exclusively on the ground of estoppel. It did not have a vestige of written evidence to the realty.

As relates to the trees on the opposite side of the bayou, as it had no title and as estoppel was at an end, it had no authority to take the trees.

For reasons assigned, the application for a rehearing is denied.