———O———

Nos. 5690, 5691.

Nos. 5692, 5693.

### GAIENNIE COMPANY, LIMITED, vs. A. L. WEIR ET ALS.

### W. W. CARRE COMPANY vs. A. L. WEIR COMPANY, ET ALS.

### Syllabus.

1. Where two cases brought by different plaintiffs against the same defendants upon distinct causes of action and to which

separate defenses are severally pleaded, were by agreement tried together for purposes of economy and expediency, and resulted in two separate and distinct judgments against the defendants, they constitute separate cases within the meaning of Act 63 of 1908, for which two filing fees on appeal may be charged by the clerk of this Court; and an order of the lower Court, after final judgment, that the cases shall be consolidated and treated as one for the purposes of appeal, is wholly without effect and beyond its jurisdiction.

2. Where two or more parties to a single judgment secure separate orders of appeal, and simultaneously file in this Court a record of appeal embracing all appeals (as they are authorized to do), the clerk is entitled to but one filing fee under Act 63 of 1908.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 91,546, Hon. F. D. King, Judge.

Buck, Walshe & Buck, for plaintiff and appellee.

McCloskey & Benedict, Rouse, Grant & Grant, for defendants and appellants.

### On Rule to Refund Clerk's Costs on Appeal.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Gaiennie Company, Limited, as furnisher of the plumbing and gas fitting work, and W. W. Carre Company, as furnisher of all lumber required for the construction of the building, each filed a separate suit for balances of $555.25 and $511.75 respectively due them, against Weir, as builder, the Eureka Homestead Society, as owner, and the National Surety Company, the surety on the builder's bond under Act 134 of 1906.

The cases were instituted on different dates, were separately docketed, and in each of them the defendants severally filed separate defenses. When the cases were

called for trial, counsel for all parties agreed that they should be tried concurrently; that the testimony taken in one case, but applicable to the other, should be considered as testimony in the latter case, but that separate judgments should be rendered.

This agreement was carried out, and finally there was a separate judgment rendered in each case in favor of the respective plaintiffs, as prayed for, and against the several defendants, **in solido**. One of the defendants acquiesced in these judgments, but each of the other defendants applied for and secured in each case separate orders of appeal, and filed separate bonds. After these appeals had been granted, the lower Court, with the consent of counsel, granted an order to the effect, that for the purpose of appeal, the records in the two cases be consolidated, and that one transcript be made for the several appeals. Separate transcripts of the minute entries, orders and the appeal bonds, etc., in each case were prepared and certified to, and then bound together as one and the original record of the pleadings, evidence and the several judgments were enclosed in this and the whole presented for filing in this Court. The Clerk of this Court demanded a fee of $100.00, on the ground that there were two separate cases below and two appeals in each case, thus constituting four cases on appeal, for which a charge of $25.00 in each case was proper under the provisions of Act 63 of 1908, which prescribed that the clerk shall exact a fee of $25.00 "for filing the record of appeal in any case where the demand or fund to be distributed" exceeds five hundred dollars."

The charge demanded was paid under protest, and the matter presently before us is an application for a refund of $75.00 of the amount paid, on the ground that there is only one case on appeal, and that the proper charge should have been $25.00.

It thus appears that the only identity between the two cases consisted in the mere incident that some of the testimony to be taken would be relevant to both actions. For that reason it was agreed that the trials should be held concurrently and that the facts thus elicited should be used in each case in so far as applicable thereto. This was done not because identical demands or defenses were involved in the two cases, but solely for the purposes of expediency and economy. To all other intents and purposes the two cases involved distinct causes of action and of defense between different adversaries and were proceeded with as such below beyond even the rendition of the separate final judgments and to the point of securing of separate appeals, and the filing of separate appeal bonds.

Upon these facts there can be no question but that there were two cases appealed from, for which separate filing charges were demandable within the clear intent and meaning of the provisions of the act fixing the clerk's filing fees in this Court and that the clerk thereof was justified in fixing a filing fee of $25.00 in each of said cases.

The action of the trial Court and of the parties in attempting to fix the status of the cases on appeal after final judgment and after the matter had proceeded beyond the lower Court's jurisdiction was wholly without effect.

### Succession of Clairteaux, 35 An., 1178.

We are satisfied, however, that the clerk had no authority to charge $25.00 for each of the two appeals in either case. The law prescribes that the charge shall be, "for filing a record of appeal in any case." While there were two appeals in each case, they were taken concurrently from a single judgment, and they were brought before this

—111—

Court at one and the same time, in a single "record of appeal"—a practice which has long been sanctioned.

Succession of Tauzanne, 36 An., 420

Bahan v Langfield, 16 An., 156.

McGragor v. Baker, 12 An., 289.

Breaux v. Lumber Co., 125 La., 421.

Upon the facts presented, we hold that there is but one "record of appeal" in each case notwithstanding that each record contains two appeals. What we now hold is not intended to apply to any case where the facts presented are not identical to the case at bar.

The Clerk of this Court is accordingly ordered to refund to the National Surety Company, the appellant herein, the sum of fifty dollars.

Rule absolute.

Opinion and decree, November 11, 1912.

### Syllabus on the Merits.

1. A building is not completed within the meaning of Act 134 of 1906, until it is ready for final delivery and has been tendered to the owner and he has accepted same, or is in default for not having done so.

2. An attested account of a claim based upon a contract for furnishing and installing the plumbing and gas fitting work required in a building at a fixed price, is sufficient within R. C. C., 2772 and Act 134 of 1906 if it sets forth generally the nature and price of the contract and the payments made thereon.

3. The question of the relative liability, *inter sese*, of owner, and surety under Act 134 of 1906, raised by the former in its answer to a suit by a material-man, cannot be adjudicated upon in the absence of service of such answer upon the surety or of issue otherwise joined thereon.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 91,546, Hon. F. D. King, Judge.

Buck, Walshe & Buck, for plaintiff and appellee.

McCloskey & Benedict, Grant & Grant, for defendant and appellant.

**On the Merits.**

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

## I.

The nature of this case is disclosed in the foregoing opinion delivered on the rule to refund costs.

The building contract in question is identical with the one considered in the case of **Jeanerette Lumber & Shingle Company Limited, vs. A. L. Weir, Et Als., 8 Court of Appeal, p. 87,** and the present plaintiffs are simply other unpaid sub-contractors of Weir engaged in the construction of this building.

The principal defense to the claims of the plaintiffs is to the effect, that their respective sworn statements were not filed and recorded within forty-five days from the completion of the building, as required by Act 134 of 1906. The sworn statement of the Gaiennie Company was served on November 4th and recorded on November 15th, while that of the W. W. Carre Company was served and recorded on November 10th.

In the **Jeanerette Lumber** case this same question as to the date of completion arose and we adhere to the conclusion therein reached as to the binding effect of the architect's certificate. We do not find that any of the cases cited by appellants, namely, **Hale v. Willis, 3 An., 504; Rousselot v. Irwin, 8 An., 300; Louisiana Molasses Company vs. LeSassier, 52 An., 2079; Dugue vs. Levy, 114 La., 21;** are applicable, for the reason, that in this case the finality of the architect's decision is restricted to

his interpretation of the plans and specifications and not to their execution.

As to the actual date of completion, the present records of appeal contain data which establish with greater certainty than was done in the Jeanerette case, the fact that the building was not completed until the middle of October, and consequently at a date less than forty-five days preceding the dates upon which the respective sworn statements were served and recorded.

It is shown conclusively, that the screens were not finally fitted and installed until the week ending October 16th; that plumbing work was done as late as October 13th, probably as late as October 21st; that after September 25th, painters, electricians and fixture-men were still working in the building; and finally there are in the records documents over the signature of the beneficial owner, Uttley, of the apparent owner, the Eureka Homestead Society, of one of the contractors, and of the surety, the National Surety Company, dated respectively, September 29th, October 27th, October 13th, and November 3rd, attesting the fact that the work had not been completed on said dates.

> "A building is not completed within the meaning of Act 134 of 1906, until it is ready for final delivery and has been tendered to the owner and he has accepted the same, or is in default for not having done so."
>
> State ex rel. Homestead Co. v. Recorder of Mortgages, No. 5549 of our docket decided April 1st, 1912 (not yet reported); (9 C. A., 222).

## II.

The lower Court gave judgment in favor of W. W. Carre Company, Limited, and Gaiennie Company, Limited, respectively, against the owner and surety in solido.

The Eureka Homestead Society, the owner, can be held for neither of these claims under the Act 134 of 1906, for it complied in all respects with its provisions  Nor can it be held for the W. W. Carre Company claim under the general codal provisions, for when an attested statement of this claim was served upon it, there was no longer any funds in its hands belonging to Weir, the contractor.  The judgment in favor of the Carre Company must conse-quently be amended in so far as it condemns the Eureka Homestead Society for any part of this claim.

When the Gaiennie Company, Limited, served its at-tested account upon the owner, the latter did have in its hands funds of the contractor sufficient to satisfy the claim, but it is contended that this service failed to arrest these funds in the hands of the owner because the attested account embodied simply a statement of debits and cred-its and consequently was not such as is required by R. C. C., 2772.  The main claim of Gaiennie Company, Lim-ited, is based upon a contract for a fixed price for fur-nishing and installing the plumbing and gas fitting work, and the account which, together with the accompanying affidavit, sets forth the nature and price of the contract and the payments made thereon, is clearly sufficient.  The claim for $13.50 was for work required by the original plans and specifications but inadvertently omitted when the main contract was sub-contracted to Gaiennie & Com-pany, Limited.  The nature and amount of this item is set out in the attested account and recovery against the owner and surety was properly allowed.  But the item of $77.00 represents extra work not contemplated by the plans and specifications and for this neither the owner nor the surety, whose liability is restricted to work done or materials furnished within the limits of the plans and specifications, should have been held liable and the judg-

ment of Gaiennie & Company, Limited, must be reduced accordingly.

## III.

In its answer in each suit, the Eureka Homestead Society, the owner, incorporated what might properly be termed a call in warranty wherein it demanded, in the alternative, should judgment be in favor of plaintiff, that it have like judgment in its favor against the surety. Service of the call in warranty upon the surety was neither made nor prayed for, nor was issue otherwise joined thereon. Consequently there is no merit in the complaint that the Court erred in failing to render judgment upon this demand in favor of the owner against the surety. The proper disposition of it should, however, have been a judgment of dismissal as in case of non-suit.

Lindner vs. DelIsle, et als., 7 Court of Appeal, 202.

It is accordingly ordered and decreed that in the case of W. W. Carre Company, Limited, vs. A. L. Weir, et al., the judgment appealed from be reversed in so far as it decrees judgment in plaintiff's favor against the defendant, the Eureka Homestead Society, the demand of said plaintiff as against said defendant, being now rejected and dismissed. It is also ordered that said judgment be further amended by rejecting as in case of non-suit, the demand or call in warranty of the Eureka Homestead Society against the National Surety Company, the judgment appealed from being in all other respects affirmed, the appellants paying the costs of the lower Court and the W. W. Carre Company, Limited, those incurred in this Court in said case.

It is likewise accordingly ordered and decreed that in the case of Gaiennie Company, Limited vs. A. L. Weir, et

**al.,** the judgment appealed from be amended in so far as it affects the defendants, the Eureka Homestead Society and the National Surety Company, by reducing the principal amount thereof from $555.25 to the sum of four hundred and seventy-eight and 25/100 ($478.25) dollars. And it is also ordered that said judgment be further amended by rejecting as in case of non-suit, the demand or call in warranty of the Eureka Homestead Society against the National Surety Company, the said judgment appealed from being in all other respects affirmed, the appellants paying the costs of the lower Court and the Gaiennie Company, Limited, those incurred in this Court in said case.

Amended in part and affirmed in part.

Opinion and decree November 25, 1912

Rehearing refused December 23, 1912.

Writ granted February 3, 1913.

Decree Supreme Court May 27, 1913.    **(133 La., 22.)**