## No. 2076

### Second Circuit

---

## SMITH v. KELLUM

---

(April 10, 1926. Opinion and Decree.)
(May 7, 1926. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Judgment—Par. 192, 218.**

A judgment recognizing an irregular heir against which no attack has been made by adverse claimants must be accepted as prima facie evidence of heirship of the irregular heir.

2. **Louisiana Digest—Partition—Par. 35; Evidence—Par. 144.**

In view of Article 2275 of the Civil Code a verbal partition of real estate must be established by the judicial admission of the parties of the partition, and therefore the plaintiff must prove authority to make these judicial admissions.

3. **Louisiana Digest—Partition—Par. 8, 35.**

In view of Article 2275 of the Civil Code the defendants in a suit to establish a

verbal partition of land having judicially admitted the division to have been made, and each of the parties to have taken possession of the portion allotted to them, the partition was legally established.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bossier. Hon. Robert Roberts, Jr., Judge.

Action by Catherine Smith against Mack Kellum, et al., to establish a partition.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Clifton E. Davis, of Shreveport, attorney for plaintiff, appellee.

John F. Phillips, of Shreveport, and J. E. Harrington, attorneys for defendants, appellants.

WEBB, J.  In this suit plaintiff seeks to establish that Thomas M. Smith, Mack Kellum and Aaron Oglesby made a partition of certain property owned by them in indivision, and for judgment recognizing the partition, decreeing it to be final, and plaintiff the owner of the portion allotted to Thomas M. Smith, and, in the alternative, to have the property judicially partitioned.

She alleges that she is the widow of Thomas M. Smith; that the property was acquired by Smith, Kellum and Oglesby and the partition made by them during the existence of the marriage between herself and Thomas M. Smith; that the copartitioners had each taken possession of the portion allotted to them in accordance with a survey and map and plan thereof, and had made improvements thereon, and cultivated same for their several benefit; that at the death of

her husband, Thomas M. Smith, one-half of his interest in the property vested in her and that she inherited the other half interest from her husband and had been recognized as his heir and sent into possession under a judgment of the District Court.

The suit is brought against Mack Kellum and the heirs of Aaron Oglesby who answered, admitting the purchase by Thomas M. Smith, et al., as alleged by plaintiff; that the partition had been made as alleged, and also that plaintiff had been recognized as the heir of Thomas M. Smith, but alleged the plaintiff was without right to bring the suit for the reason that her marriage to Thomas M. Smith was invalid to the knowledge of plaintiff, who knew at the time of the celebration of the marriage that Thomas M. Smith was married to another, and if she was unaware of the invalidity of the marriage at that time, she became aware of its invalidity prior to the time the property had been purchased by Smith, et al., and no interest in the property could have been vested or acquired by her either as widow in community or as heir of Thomas M. Smith.

The judgment of the District Court was in favor of the plaintiff recognizing and decreeing the partition final, and plaintiff the owner of the tract allotted to Thomas M. Smith.

Defendants appealed.

## OPINION

The parties to this suit are negroes and the evidence establishes that plaintiff, when a girl of about sixteen years, was married on the 15th day of March, 1887, to Thomas M. Smith under a license

issued by the proper authority on March 10, 1887; that she and her husband lived together on the plantation when they were married until about 1896, when they moved on the tract of land which had been purchased and divided among the co-owners, as alleged by plaintiff and admitted by defendants, where they resided until the death of Thomas M. Smith about the year 1920, following which the plaintiff by a judgment of the court having jurisdiction was recognized as the sole heir of Thomas M. Smith and sent into possession of his estate.

Over the objection of plaintiff evidence was admitted in support of defendants' allegations relative to the invalidity of plaintiff's marriage to Smith and the good faith of plaintiff.

This evidence established that some time during the seventies, prior to the date of the marriage of plaintiff to Thomas M. Smith, the latter had married Jane Brown, and the witnesses who testified to this fact also stated that Jane Brown and Thomas Smith separated very soon after their marriage; that Jane subsequently married Brazil Hill and that she died prior to the death of Thomas M. Smith; and the plaintiff stated that some time after her marriage Smith told her that he had been married to Jane Brown but that they had been separated for five years and that gave him a divorce.

The evidence does not show whether or not Thomas M. Smith or Jane Brown left heirs, ascendants, descendants or collaterals.

The defendants contend the suit is analogous to a petitory action in which defendant asserts title and plaintiff, in order to recover, must establish title, apparently good against the world; that the judgmen

recognizing the plaintiff as the heir of Thomas M. Smith cannot be considered, or if considered its invalidity is established by the evidence offered by the defendants, which it is contended not only establishes the invalidity of the plaintiff's marriage but also her bad faith.

While the defendants do not assert title to the interest which they admit was in Thomas M. Smith, yet as it is apparent the partition sought to be established must rest upon the judicial admissions of the parties to the partition (Article 2275, C. C.) the defendants are entitled to know that the plaintiff has the authority to make judicial admissions affecting the property, and to this extent the plaintiff is bound to prove her title.

The plaintiff asserts title through two sources; one by inheritance from Thomas M. Smith, and the other by virtue of her rights as the widow in community of Smith; and considering the titles thus alleged in their order, it is apparent, in view of the failure of the evidence to show whether or not Thomas M. Smith left heirs, ascendants, or descendants, that plaintiff's suit must be dismissed unless the judgment recognizing her as the heir of Smith is at least prima facie evidence of the fact.

In Glover vs. Doty, 1 Rob. 129, it was said:

"A decree of a court of probates admitting certain persons as heirs is prima facie evidence of their being so."

And we are of the opinion that where the judgment recognizes an irregular heir, such as the plaintiff, and no attack is made upon the judgment, and no claim set up adverse to the decree, the judgment must be accepted as prima facie evidence of her heirship.

Plaintiff also proved that she was married to Thomas M. Smith under a license issued by the proper authority, and this was in our opinion at least prima facie proof of her title to one-half of the community property.

The defendants contend, however, that the evidence offered shows the invalidity of the marriage and thus inferentially establishes the invalidity of the judgment, and that the presumption of the law as to the interest of the spouses in the property purchased during the existence of the marriage was without application as to the marriage of the plaintiff and Smith.

Conceding, without deciding, that defendants had the right to attack the validity of the marriage and thus inferentially overcome the judgment and the presumption of law as to the rights of the plaintiff in the property acquired during the existence of the marriage, when they do not claim adverse to the marriage, we consider the evidence which it is contended establishes the invalidity of the marriage.

The only evidence as to this, aside from the proof of the marriage of Thomas M. Smith and Jane Brown prior to the marriage of plaintiff, is a statement said to have been made by the deceased, Thomas M. Smith (something over twenty-five years prior to his death) that:

"He had been married to Jane Brown, but that they had been separated for five years and that gave him a divorce."

Which cannot in our opinion be said to have established the invalidity of plaintiff's marriage, whatever effect it may have had to establish the good faith of the parties, had it been shown that the marriage was invalid.

The defendants having judicially admitted the division to have been made, and each of the parties to have taken possession of the portions allotted to them, it follows that the partition was legally established (Gusman vs. Hearsey, 26 La. Ann. 252; Metcalf vs. Alter, 31 La. Ann. 389; also Breaux vs. Hanson Lumber Co., 125 La. 421, 51 South. 444, and none of the parties making any objection to the division as shown, the judgment recognizing the partition and decreeing it to be final and plaintiff to be the owner of the portion of the tract allotted to Smith is affirmed.