## McDANIEL v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

### No. 5220.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Milton E. Johns, of Shreveport, for appellant.

D. C. Scarborough, Jr., of Shreveport, for appellee.

DREW, Judge.

This is a suit on a group insurance policy in which plaintiff was made beneficiary in the certificate of insurance issued to her husband, now deceased. She claims under said certificate the sum of $2,000. The defense is that the deceased was discharged by his employer prior to his death and that under the terms of the policy the protection ceased immediately and automatically upon his discharge.

The lower court rejected the demands of plaintiff, and she has appealed.

In this court plaintiff has filed a plea of estoppel, and counsel in his brief says:

"The statement of facts filed herein together with the deposition of A. B. Simmons, insurance manager of the Standard Oil Company, leaves only one question to be decided:

"Did the life insurance certificate of Ethyl E. McDaniel terminate immediately at his discharge (July 7th, 1934) or did the payment of the premium for the full month of July, 1934, and its retention by the defendant estop and deny it the right to claim a forfeiture during the month of July, 1934, during which month the insured died, and was the act of forfeiture waived by the retention of the July, 1934 premium?"

We gather from this statement that plaintiff's sole reliance for recovery is upon the plea of estoppel filed in this court. The case was tried on an agreed statement of facts and the deposition of A. B. Simmons, who had charge of the group insurance by the Standard Pipe Line Company.

The Standard Oil Company of New Jersey secured from defendant a contract of

group life insurance which insured every employee of the Standard Oil Company and its subsidiaries who wished to come under it. The deceased was employed by the Standard Pipe Line Company, one of the subsidiaries, and was issued a certificate for $2,000 life insurance under said group policy. The premiums were due monthly in advance. On the 1st of each month the pipe line company would pay to the insurer the premiums due on all of its employees who came within the group, and on the 15th and the last day of each month would deduct from the employee's wages the amount of the premiums due by each employee; one-half of the amount being deducted on the 15th and the other half on the last day of the month.

On July 1, 1934, deceased being in the employ of the pipe line company, it remitted the premiums due on all of its employees, including that due on the certificate held by the deceased. On the 7th day of that month the deceased was discharged and paid in full all wages due him, making no deduction for the premium due on his certificate. He made no offer to pay the premium and has never paid it. On the 30th day of that same month he came to his death by gunshot wounds. Soon thereafter his wife, who was named beneficiary in the certificate, made due proof of his death and claimed the insurance. She was immediately notified by the insurer that the policy of insurance on her husband lapsed and ceased to be in effect immediately upon his discharge.

The policy, under the heading, "Termination," contains the following provision: "The insurance under this policy upon the life of any employee shall automatically cease upon discontinuance of his required contributions toward the payment of premiums for the insurance, or upon termination of his employment with the employer in the classes of employees insured hereunder without regard to the cause of such termination. * * *"

This clause is clear and unambiguous and provides two ways in which the policy shall be terminated: (1) Upon the termination of the insured's employment with the employer; and (2) upon failure of the insured to pay to his employer the amount of premiums due by him. In this case both causes for termination of the insurance arose.

Counsel for appellant admits, in his brief, that the above clause is binding, but contends that, since the insurer received the premium for the month of July, 1934, from the pipe line company and did not refund that portion of it covering the period from July 7 to August 1, it is estopped to claim the forfeiture. The record is silent as to whether or not the insurer made any adjustment with the pipe line company as to that part of the premium. However, we are unable to see how that fact could be of any concern to appellant. It is sure the deceased did not pay any premium for July. He was bound to have known when he received his full wages, without any deduction, upon his discharge, that there had been no deduction for premiums. The adjustment of the excess payment was a matter between the insurer and the pipe line company. If we should assume that the insurance company, after receiving the amount of the premium from the pipe line company, kept it and made no adjustment, it could not work an estoppel as to the appellant against the insurance company. It did not affect the right of the insured or his beneficiary, as neither paid any part of the premiums or had any interest in their return. Equitable Life Assurance Society v. McDaniel, 223 Ky. 505, 3 S.W.(2d) 1093, 55 A.L.R. 1253. Also see Connecticut General Life Ins. Co. v. Horner (Tex.Civ.App.) 21 S.W.(2d) 45; Note 85 A.L.R. 1469.

The action of the insurance company did not cause the deceased to take a position or do something he would not have done or taken otherwise. Breaux v. Albert Hanson Lbr. Co., 125 La. 421, 51 So. 444.

There was nothing the deceased could have done. His policy was automatically dead upon the termination of his employment, and there was no way he could keep it alive. It was impossible for him to have been injured or prejudiced by any action he did or did not take in so far as the policy of insurance was concerned.

The plea of estoppel is without merit and is overruled.

The judgment of the lower court is correct, and is affirmed, with costs.