ORIN BEEBE, adm., v. JAMES McNEILL and another.

When a party sues upon a note that has been destroyed, it is not necessary to allege or prove that the destruction was advertised.

APPEAL from the District Court, Tenth District, *Perkins*, jr., J. *Bonner & Drew*, for plaintiff and appellant.

SLIDELL, J. The plaintiff alleges that the defendants made three notes in favor of *Doan*, of whose estate he is administrator; that they were inventoried as the property of the estate, and came into his possession as administrator; but that afterwards his dwelling house was burned, and the notes, with all the petitioner's papers, were destroyed in the conflagration. He asks judgment for their amount.

BEEBE
v.
McNEILL.

At the trial, the plaintiff offered evidence to prove that the notes had been destroyed by fire after they came into his possession, as administrator, to the admission of which evidence the defendants objected, on the ground that the plaintiff had not alleged nor proved that the destruction of the notes had been advertised; which objection was sustained by the Court, and a bill of exceptions was taken. There was a judgment for the defendant as in case of non-suit, and the plaintiff has appealed.

We think the District Judge erred. The error seems to have arisen from a misapplication of an Article of the Code.

In article 2258 it is said: "When an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident or force, evidence may be given of its contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable; and in this case the Judge may, if required, order reasonable security to be given to indemnify the party against the appearance of the instrument, in case circumstances render it necessary." The next Article provides that, "in every case, where a lost instrument is made the foundation of a suit or defence, it must appear that the loss has been advertised, within a reasonable time, in a public paper, and proper means taken to recover the possession of the instrument."

The first Article expressly embraces instruments destroyed, as well as those lost. In both cases it was equally necessary that their contents should be proved and their absence accounted for, and it was equally expedient, in each case, to provide a rule of evidence. But where a parity of expedience and necessity does not exist, the Code does not associate them. Where an instrument is alleged to have been lost, the Code requires satisfactory proof that due diligence has been used to find it. One of the means of finding it is to inform the public of its loss, and who is the owner, so that any one into whose possession it has chanced to come may restore it, or any one who has information tending to facilitate its discovery, may communicate it. Again, there is the further motive of putting the community on their guard, especially in the case of commercial paper. These reasons do not apply to a destroyed writing, and it is not easy to imagine how any good could come of advertising its destruction. The Article 2259 speaks only of lost instruments in express terms; and there is no reason of analogy for enlarging its application.

When the Code of 1825 was framed by the jurisconsults commissioned for that purpose, they contemplated the preparation of a complete system of evidence, as a separate part of the great legislative work which had been undertaken by the State. They reported only such amendments, on the subject of evidence, as they thought immediately called for, leaving its rules, in other respects, to be meanwhile controlled by the sound discretion of the Courts. See Amendments to the Civil Code, title 3, p. 58.

Judgment reversed and cause remanded for new trial, defendant to pay costs of appeal.