## No. 11,418.

### STATE EX REL. POLICE JURY OF ST. MARTIN PARISH VS. A. A. DUPRE, JUSTICE OF THE PEACE.

46b 117
105 537

Where a party appears and excepts to want of citation in a cause, which is overruled, and he then, reserving his rights under the exception, files a plea to the jurisdiction, the latter plea is not such an appearance as to cure the want of citation

The political corporation known as a parish may be sued within its territorial limits in any court of competent jurisdiction.

Under the provisions of Art. 1077, Code of Practice, any constable of the parish can serve the citation issued by a justice of the peace. If the constable is an interested party the citation must be served by another constable or the sheriff.

APPLICATION for *Certiorari* and Prohibition.

*R. F. Broussard*, District Attorney, for the Relator.

Respondent *in propria persona*.

The opinion of the court was delivered by

McENERY, J.   J. O. Halphin, Jr., brought suit against the parish of St. Martin for a small sum, unappealable in amount.

Eug. A. Duchamp is president of the police jury of said parish.

The citation was addressed to him personally and individually. The police jury of said parish filed an exception to the citation on this account. The exception was overruled. Reserving the rights in the exception the defendant police jury filed an exception to the jurisdiction of the court, *ratione personæ*, alleging that the police jury must be sued at the domicil of the parish, which was in the first ward instead of the fifth, in which the parish was cited to appear.

The citation was defective, as the parish had not been properly cited, through its official head the president of the police jury of said parish. The appearance in the exception to the jurisdiction did not waive the defective citation, as all rights were reserved when the exception to the jurisdiction was filed, that were urged in the exception to the citation. Lukis vs. Allen, opinion on rehearing, recently decided. 45 An.

The relator therefore prays for a writ of prohibition directed against the respondent justice on account of the nullity of the proceedings for the defective citation and the want of jurisdiction. On the first ground the application for the writs must be sustained. We will notice the second, because the case may be further prosecuted on a legal citation, and the second ground may again be presented.

The police jury of St. Martin parish holds its sessions and transacts its business in the first ward at the parish site. But this does not fix the presence of this political corporation exclusively at this point.

It is present everywhere throughout the territorial limits of the parish, and may be sued like the State when its permission is granted for this purpose, in any court of proper jurisdiction, within its territorial limits. State *ex rel.* Police Jury vs. Judge. 41 An. 403.

Objection is also made to the service of citation by the constable of the fifth ward. In this, as in the objection to the jurisdiction, the rights of the exception to the citation were reserved.

Art. 1077 of the Code of Practice says that "when a suit is instituted before a justice of the peace he shall make a note in his record of the date and nature of the demand, and shall immediately prepare a citation setting forth the amount and nature of the demand, to call the defendant before him to answer said demand, and he shall deliver said citation to any constable of the parish that it may be served on the defendant."

If the constable is an interested party, as alleged by relator, the service of citation must be made by some other constable of the parish, or the sheriff.

It is therefore ordered, adjudged and decreed that the judgment rendered by said justice of the peace, fifth ward, parish of St. Martin, be annulled and set aside, defendant to pay costs.