BREAUX, C. J.
This is a petitory action..
The plaintiff corporation claims to be the-owner of the northeast quarter of northwest; *1043 quarter, containing 39.61 acres, and the southeast quarter of northwest quarter, containing 30 acres, all containing about 100 acres.
The description above is followed in plaintiffs’ petition by another description to amplify and explain the above description.
One of the links in plaintiffs’ chain is missing, owing, as plaintiffs allege, to the burning of the courthouse and the destruction of their deed to the land.
In this deed Z. T. Magee was the alleged .buyer from the defendant.
The defendant denies plaintiffs’ claim to this land, sets up his own title, and asks to be recognized as its owner.
The principal question is whether defendant parted with his title by selling the land to Z. T. Magee.
Plaintiffs have a complete chain of title back to Magee.
The courthouse in question was destroyed by fire on March 17, 1897.
The first deed under which plaintiffs claim was dated in November, 1S97.
After the plaintiffs had offered their title, they closed their evidence.
The defendant then offered his evidence. He proved that he held under a patent dated November 22, 1887, and that he was in possession of the land at different times.
The fact about possession, as relates to defendant, was that he had not been in possession for about seven years before this suit was brought. He went into possession about one month before this suit was brought.
After the defendant had offered his evidence, plaintiffs offered testimony to rebut the testimony of the defendant.
.Objection was urged on the ground that it was not rebuttal testimony.
As relates to that testimony, the court sustained the objection, but admitted the testimony to the extent that it went to defeat defendant’s title and disprove his possession; defendant having asked that his title be recognized.
In examination in chief, plaintiffs made no successful attempt to prove that defendant, Barber, had sold the property in question to Magee. They rested their case after having introduced their chain of title, as said before, as far back as Magee, who was, as they allege, their vendor.
The defendant offered his patent from the state, and also evidence to prove his possession.
The plaintiffs then offered the testimony to complete their chain of title, which should have been offered in chief, as it was not rebuttal testimony, and for that reason we are of opinion that the judge’s ruling was correct. That ruling was that plaintiffs’ evidence would be heard, not to prove title, but exclusively in rebuttal.
Plaintiffs had alleged a complete chain of title. It was for them to prove that title. Having failed in that respect, they could not make up the failure by offering evidence under the guise of rebuttal to prove the missing link in their title.
The evidence in this case to prove alleged lost title to realty is of the weakest — even to prove a destroyed deed in regard to which the rules of evidence are’relaxed. It consists of mere impressions of witnesses who failed to testify as to a particular title. No dates are given, no price; none of the circumstances go to prove that there was a sale. There was no proof of loss offered. It does not appear by the testimony that any of the witnesses ever saw a deed.
Title to realty cannot he eked out by evidence of so uncertain a character as that before us.
The Act No. 57, p. 92, of 1886, provides for the restoration of public records and other papers destroyed by fire, and under the terms of this act parol testimony is admissible.
While that testimony is admissible in proving a deed, it is still incumbent upon the one who wishes to prove it to produce satis *1045 factory evidence. Mere uncertain assertions will not suffice.
Plaintiffs place reliance upon the fact that they satisfactorily proved title for a number of years and claim that title as prima facie.
Defendant testified that there was an agreement between him and Magee — he to sell, Magee to buy — of which Magee never availed himself. If the testimony of defendant is to be considered at all, there never was a sale passed by him to Magee. The following is a forcible expression upon the subject of contracts (Larombiere, p. 21, vol. 1, bottom of page):
“Parce qu’entre deux expressions contradictoires d’égala force il ■ n’y a pas certitude du concours de volontes.”
Have they contracted, is the question.
There is no correlation proven of offer and acceptance.
Defendant made a statement, it seems, to one or two of the witnesses, who testified in regard to the sale. As one of these witnesses testified: Sale of some 80 acres of land. Another witness knew something of a sale, but is equally as wanting in definitiveness.
Plaintiffs’ chain (other than the asserted destroyed deed of sale) does not antedate that of defendant; and as relates to possession, as the issues are presented, it really has no great bearing, for in this petitory action it must be held that defendant is in possession.
The court, in Lavergne v. Elkins, 17 La. 220, said:
“It must be remembered that we consider there is a wide difference in cases where the contents of a lost original are endeavored to be proved by parol, and when its loss is to be supplied by a copy taken from a record not suspicious. In the former case we should require stronger evidence of the loss than in the latter.-’
Even before the United States’ officers years ago, after the transfer of sovereignty from France to our cpuntry, when claimants were easily permitted to prove titles, more satisfactory evidence would have been required than can be found in this record.
The parties will have to resort to another suit. They may be more fortunate in the next. In any event, we are unable to whip this testimony into sufficient shape to make it the basis of a judgment recognizing the title to the lands in regard to which there should be some certainty.
Plaintiffs have not made out their case. There is sufficient evidence to warrant us in declining to recognize the claim of defendant to title.
For reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that plaintiffs’ demand be dismissed as in ease of nonspit, and the defendant’s is similarly dismissed. Plaintiff is condemned to pay the costs of both courts.