SOMMERVILLE, J.
This is the second time that this ease has been before us. On the first trial, there was judgment of nonsuit ordered to be entered. 124 La. Ann. 1042, 50 South. 844.
[1] This is a petitory action, in which plaintiff claims ownership of certain land in Washington parish, which is in possession of defendant under patent No. 1064, issued by the state of Louisiana to him November 22, 1887.
Plaintiff seeks to trace its title to defendant, but he fails to produce evidence of a transfer of title from defendant to one Ma-gee, now deceased. He alleges that the title to Magee from Barber was destroyed by fire March 17, 1897, when the courthouse of Washington parish was burned.
[2] On the former trial we held that the plaintiff had failed to make out its case, and we are of like opinion with reference to this trial.
The only new witness introduced does not give testimony, taken in connection with the other evidence, sufficient upon which to base a title to real property.
He testifies that at or about the time Babington Bros, took title to the property, November 1, 1897, he, as their clerk, saw a title from Barber to Magee in the records of the Washington courthouse, and that he took a memorandum of the numbers therefrom. This evidence is as weak as was that offered by plaintiff on the former trial. The witness is certainly confused as to dates. He could not have seen in November what had been destroyed in March of the same year. He cannot say whether he saw a public act, an act under private signature, or an agreement to sell, or who had signed, or the date thereof. He must have made an error in getting the numbers from the old act, for plaintiff and Magee, by public act, December 22, 1908, undertook to correct the description of the property in the first act between them November 1, 1S97.
Plaintiff has failed to make its ease certain after having two separate trials. Litigation must come to an end, and titles to property must be quieted, all in the interest of society and the state at large.
For these reasons, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and let there be judgment in favor of defendant, dismissing plaintiff’s suit, with costs in both courts.