MONROE, J.
Plaintiffs, 12 in number, set up title to an undivided half interest in a tract of land in the parish of St. John the Baptist; “bounded on the north side by land of Martin Schloes, Sr.; on the west by land of Desert and west boundary of township 10, south; range 8, southeast district of Louisiana; and on the south by land of Charles Grube, designated as lot number 3, of section 30, in said township and range,” which said tract is said to contain 131.92 acres. They allege that the other undivided half interest belongs, and since 1903 has belonged, to defendant, and that defendant, without their knowledge and in bad faith, has caused to be felled about 1,100 cypress trees, which it has, by means of its sawmill, converted into, say, 700,000 feet of lumber, worth at least $12 per M. They pray that defendant be ordered to render an account and that they have judgment for $4,200 as their share of the money realized from said lumber, and for such further sum as may be found to be due on that account. Defendant, for answer, alleges that it bought the interest claimed by plaintiffs at sheriff’s sale, on July 16, 1904, that the sheriff’s deed was recorded on July 18th of the same year, and that it has exercised the right of ownership thereunder in good faith, wherefore it prays that plaintiffs’ suit be dismissed. Defendant subsequently pleaded the prescription of one year, under Act 33 of 1902, and in that connection the counsel of record of the litigants, respectively, entered into a written agreement to the effect that the exception should be disposed of in advance of the trial on the merits, and, further, as follows:
“And in order to facilitate the trial of said exception, * * * it is * * * admitted that plaintiffs, for more than one year previous to the institution of this suit, had knowledge of the fact that the timber * * * had been cut and removed from said land by defendant * * * and that the same was cut and removed therefrom whilst defendant was in possession of the whole of said tract of land. The defendant claims title to the property by virtue of a public partition sale made by the sheriff of the -parish of St. John the Baptist, on July 16, 1904. Plaintiffs claim title to an undivided half of the property, claiming that they were not legally dispossessed of the same’ by the partition sale.”
Actions resulting from offenses and quasi offenses, and that which a possessor may institute to have himself maintained in, or restored to, possession when he' has been disturbed or evicted, are prescribed in one year. C. O. 3536.
And where land, timber, or property has *988 been injured, cut, damaged, or destroyed, the prescription runs from the date that knowledge of such damage is received by the owner thereof. O. C. 3527, as amended and reenacted by Act 33 of 1902.
In Shields v. Whitlock & Brown, 110 La. 714, 34 South. 747, the prescription, as established by the Code, and running from the date when the timber was cut,' was sustained; the amendment of 1902 having been adopted after the institution of the suit.
In Citizens’ Bank v. Jeansonne, 120 La. 393, 45 South. 367, plaintiff sued to recover a tract of land, with damages for the cutting of timber thereon. -Defendant alleged possession under title, and pleaded the prescription of one year against the claim for damages. Plaintiff was decreed to be the owner of the property, in indivisión with defendant, but the plea of prescription was maintained.
In Antrim Lumber Co. v. Bolinger & Co., 121 La. 306, 46 South. 337, plaintiff, having sued defendant as a trespasser for cutting timber on its lands, was met with the plea of prescription, and the court, holding that the burden rested on plaintiff to prove that the cutting had become known to it only within the year, and that the proof had not been made, sustained the plea.
In Breaux v. Albert Hanson Lumber Co., 125 La. 421, 51 South. 444, and Poirier v. Burton-Swartz Cypress Co., 127 La. 936, 54 South. 292, it was held that the claim of an owner in indivisión against his co-owner, for the value of his interest in timber cut by the latter from the land held in common, is not barred by the prescription of one year, a familiar and accepted doctrine. In the instant case, however, the defendant was holding the entire tract by a title adverse to that here set up by plaintiffs and duly recorded, and the case does not therefore fall within either the principle or the precedents upon which plaintiffs rely.
“The relations between a tenant in common, in the possession and sole enjoyment of the common property, an,d his coten'ants has been regarded as that of a principal and agent; hence such tenant is not protected by the statute of limitations from accounting with hiscotenants for rents and profits. The statute' does not begin to run in his favor until the relationship existing between the parties terminates, as upon partition, ouster, or demand and refusal to account.” A. & E. Enc. of Law (2d Ed.) vol. 17, p. 696; 38 Oye. pp. 36, 37,. 100.
In the instant case, though it be conceded. that the relationship of co-owners subsisted between the ' parties until January, 1907, and that it continued to subsist notwithstanding the institution of the suit for partition then brought by defendant, in which defendant made the judicial declaration that it desired to hold the property in common no longer, nevertheless it could not have survived the notice that defendant was-claiming the whole property, under an adverse title, which resulted from its refusal to comply with the demand made on it by plaintiffs’ attorney, during that same month of January, 1907, to render the account which is here sued for; 1 and plaintiffs did not bring their suit until more than a year had elapsed after that refusal. The demand thus referred to is contained in a letter, of date January 9,1907, addressed to defendant, by counsel for plaintiffs, and reading, in part, as follows:
“The heirs of Lucien Gustave Bertrand, deceased, have placed in my hands a claim against you for one-half the value of the trees cut by you from the following property. * * * I am informed by my clients that you are the owner of an undivided one half of said property, and were so at the time the trees were cut, the other half of which they own. I, therefore, request that you give an account of the trees and their product, cut by you from said property, and also of the prices obtained from the sale thereof, and that you pay the amount which may be found due my clients out of said price without delay.”
The answer, dated January 9, 1907, and signed by defendant’s attorney, reads:
“The Ruddock Orleans Cypress Co. has forwarded me your letter of January 9th, in the matter of the heirs of Bertrand, requesting me to answer same. I beg to say, in their behalf that the company bought the land, which 1 *990 believe is the same that you described, at a partition sale, and have operated under the belief that it is their property. It believes that the title is good.”
A peculiar feature of this case is that, notwithstanding that the defendant in possession gave notice to plaintiffs that it was holding such possession of the entire property under a claim of title, plaintiffs in bringing this suit, beyond merely alleging their ownership of an undivided half interest, have not set out their alleged title, nor do they pray for any judgment in regard to it. Their prayer is that defendant be required to account for the trees felled by it, and for their product, and the price received therefor, and that petitioners—
“have judgment * * * for the full sum of $4,200, and such other and further sum as may be due said petitioners upon such accounting, with legal interest, * *' * and for costs and general relief.”
Our reconsideration of the case leads us to the conclusion that the suit falls within the meaning of the law of prescription upon which defendant relies.
It is therefore ordered that our judgment heretofore rendered be set aside, and that there now be judgment maintaining defendant’s plea of prescription of one year, and dismissing this suit at the cost of plaintiffs in both courts.
BREAUX, O. X, dissents and files reasons.. See 62 South. 116.