LAND, J.
This is an action in jactitation, converted into a petitory action by defendant, who has denied the slander of plaintiffs’ title in his answer, and set up title in himself to the property in dispute.
Plaintiff and defendant trace their respective titles to a common author, one Harry Ellis, patentee of the United States government, and holding title by virtue of a final certificate dated April 16, 1886, and patent dated October 5, 1897. Plaintiffs’ claim to title is by deed from the patentee to Thadeus Mayo, dated April 18, 1886, and through mesne conveyances from Mayo to William Byles, the immediate vendor of plaintiff. Whereas defendant’s claim to title is by, a quitclaim deed from Harry Ellis, patentee, to R. R. Holloway, dated April 30, 1912, and by a quitclaim deed from Holloway to defendant dated December 17, 1917. Both of these deeds were not recorded until January 3, 1918, after the recordation of plaintiffs’ deed, which was filed for record in Calcasieu parish, where the property in controversy is situated, on November 28, 1917, and duly recorded in said parish on December 10, 1917.
Plaintiff took actual possession of the tract of land claimed by defendant in this suit October 25, 1917. It therefore appears that defendant’s purported deed was recorded subsequently to the recordation of plaintiffs’ deed, and after plaintiffs had assumed possession of this property.
The records of Calcasieu parish were destroyed by fire on the 23d day of April, 1910; The deed from Harry Ellis to Thadeus Mayo, a link in the chain of plaintiffs’ title, is missing. On the trial of this case, plaintiffs introduced evidence to prove the loss or destruction of this deed. It was objected by the defendant that such proof was inadmissible, in absence of proof of advertisement of loss of the instrument, in accordance- with article 2280 of the Civil Code.
Plaintiffs’ immediate vendor was William *737 Byles, who acquired through a long chain of title running back to the original patentee, Harry Ellis, and including, as one of its links, the deed from Harry Ellis to Thadeus Mayo.
In the case of Willett v. Andrews, 106 La. 319, 30 South. 883, this court passed upop this point in the following language:
“We take np in the first place for decision the question regarding the necessity of advertising the loss of a document. There are two articles in the Civil Code regarding the admissibility of the secondary evidence of a lost instrument, viz. 2279 and 2280. Under the first article cited, this court held, in Gordon v. Fahrenberg, 26 La. Ann. 367, that a destroyed deed need not be advertised, citing Beebe v. McNeill, 8 La. Ann. 130, and Weaver v. Cox and Hampton, 15 La. Ann. 463. Again, in the Succession of Woods, 30 La. Ann. 1002, this court held that advertisement was not a prerequisite to the admissibility of the testimony of the lost documents when loss is established. The rule of evidence laid down in the second article of the Code just cited, is controlling when the instrument is made the foundation of .the suit, but here the instrument was not made the foundation of the suit, nor has it anything of a? commercial character requiring advertisement. A missing link in the chain of title, as in this case, is not necessarily the foundation of the suit, rendering it necessary to advertise in order to be able to prove the loss.”
We conclude, therefore, that advertisement of loss of the deed in question was not necessary as a prerequisite to proof of its loss or destruction.
The testimony shows that Thadeus Mayo, the grantee in the deed from the patentee, Harry Ellis, was clerk of court, and that he was dead at the time of the trial of this suit in the lower court. A. M. Mayo, the administrator of the estate of Thadeus Mayo, testified that he had been in possession of the papers of deceased, and, after a search among them, had failed to find the original deed from Harry Ellis to Thadeus Mayo. Mr. Mayo, who is an abstracter of titles, also failed to find the original deed, after a search among his own records. Thadeus Mayo sold this property to J. B. Watkins by deed dated April 19, 1886. The manager for Watkins, and who was in charge of all the documents and records affecting’ Watkins’ land, discovered after search, a certified copy of that deed, but failed to find the original. The most natural and usual place for the original deed from Ellis to Mayo was, first, among the papers of Mayo, and secondly, among the documents and records of Watkins, Mayo’s immediate vendee. As the original deed from Ellis to Mayo was found in neither place, it must be presumed that, as Mayo was clerk of court at .the t-ime of the destruction of the records of Calcasieu parish by fire, he had kept the original deed in his possession in the clerk’s office, and that this deed, «with the other records of his office, had burned.
The secondary evidence in the case proves with reasonable certainty that Harry Ellis sold the land in controversy, the N. E. % of section 33, township 10, range 3, to Thadeus Mayo in 1886. This evidence consists partly of abstract records made in the regular course of business by A. M. Mayo, and obtained from the clerk’s office of Calcasieu parish before the fire. This record is found at page 47 of the transcript, and shows that there was a warranty deed from Ha^ry Ellis to Thadeus Mayo of the N. E. % of section 33, township 10, range 3, acknowledged in the presence of two witnesses, and that it was recorded in Book K, p. 392, the parish Record Book K of .Conveyances having been destroyed by fire with the courthouse on April 23, 1910. This record also shows date of deed to be April 19, 1886, date of acknowledgment April 19, 1886, number of witnesses, two, officer before whom acknowledged, A. M. Mayo, deputy clerk,- date of filing, April 20, 1886, and amount of purchase price. Mr. Leveque, an employee in the abstract office of A. M. Mayo, testified that he had. made this abstract record offered in evidence from the records of the clerk of court in the regular course of business.
*739 Mr. Leon Sugar, attorney at law at Lake Charles, also testified that, in connection with a divorce suit brought by him against Harry Ellis for his wife, he had examined the records of Calcasieu parish in the year 1904, to ascertain if Ellis owned any property which his wife could claim as belonging to the community; that he found a deed from Harry Ellis to Thadeus Mayo, but no property on the records in the name of Harry Ellis.
All of this testimony was objected to by counsel for defendant on the ground that there was no allegation in the petition that the deed from Ellis to Mayo had been lost and that the testimony was irrelevant. This objection was overruled by the trial judge for the following reason:
“The court will take judicial notice that the records of this parish were destroyed by a fire on April the 23d, 1910, and that all of the records from Book A of Conveyances to Book Y and beyond that were destroyed in that fire, and therefore, as the court notices it without proof, no allegation is necessary.”
This ruling, in our opinion, is correct.
 Act 57 of 1886 provides for restoration of public records destroyed by fire, and under .the terms, of this act, parol testimony is admissible in proving a deed, and it is incumbent upon the one who wishes to prove it to produce satisfactory evidence. Babington Bros., Limited, v. Barber, 124 La. 1042, 50 South. 844; Id., 128 La. 1066, 55,South. 676. The testimony not only establishes with reasonable certainty the deed and its loss, but shows that the title of plaintiff is prior in date and in registry to that asserted by defendant. Plaintiffs’ possession likewise an-' tedated the purported title of defendant.
The exception of no cause of action pleaded by defendant is without merit, as the facts well pleaded in the petition, if taken as true, would entitle plaintiffs to recover.
The judgment appealed from is therefore affirmed, at the cost of appellant.
OVERTON, J., recused.
O’NIELL, J., being absent from the state, takes no part in the decision of the case.