LAND, J.
Luca Radesich and his wife, Amanda Radesich, died intestate in the parish of Winn, the former in the year 1878 and the latter in the year 1892. The issue of said marriage were: L. P. Radesich, Andrew J. Radesich, Antonne Radesich, and Pernicia Radesich, the wife of Dr. Albert Satcheri and the deceased mother of plaintiffs, all of whom are majors.
L. P. Radesich died without issue after the death of his father and before the death of his mother. All th^ other heirs, or their representatives, are now living, and are made parties defendant to this suit.
Plaintiffs, as the representatives of their deceased mother, Pernicia Radesich, seek to be recognized in the present proceeding as the owners in common of an undivided one-third interest, or an undivided- one-ninth interest each, in all of the unsold' lands belonging to the estates of their grandparents, and in all of the lands sold by the defendant, Antonne W. Radesich, Sr., to Mack Hobdy, H. E. Keiser, and Ed. Robinson. '
They allege that the succession property left by Luca Radesich and his wife, Amanda Radesich, has never been divided, and that the accounts among the heirs have never been settled. , .
Thgy further allege that the defendant, Antonne W. Radesich, Sr., has received the sum of $2,520 from the sale of certain lands and timber belonging to said estates, and that said defendant owes to the heirs of Luca Radesich and of Amanda Radesich, deceased, the sum of $5,000 as rent for the use of a house and farm on the lands of said estates since the year 1893, and that plaintiffs are entitled to one-third of said sum of $7,520, the total amount of said sales and rent.
Plaintiffs pray for partition by licitation, that the defendant Antonne W. Radesich, Sr., be condemned to collate said sums by a return of same to the mass of said successions, or by taking less, and that petitioners receive collectively one-third of said sums, and the other heirs in proportion to their respective interests.
Plaintiffs in their petition attack the sale of certain lands made to R. E. Milling by the defendant Antonne W. -Radesich, Sr., as administrator of the succession of his mother, Amanda Radesich, on the ground that Milling was a party interposed to shield an illegal and prohibited sale to the administrator of said property. This attack is withdrawn in plantiffs’ brief, and the title of defendant to these lands, acquired by sale to him from Milling, is admitted, except as to the N. W. % of S. E. % of section 21, township 12 north, range 3 west.
[1] As defendant was administrator and also an heir of the deceased, he was at liberty to purchase at succession sale this property, either by himself, or by means of a third person, and the purchase thus made is as valid and binding as though made by any disinterested third party; no fraud or collusion being charged. O. O.. art. 1146.
It is true that defendant alleges in his answer that Amanda Radesich, administratrix' of the estate of her deceased husband, Luca Radesich, sold to him at succession sale on February 25, 1882, the N. E.' % of S. W. % and S. E. % of S. W. % of section 21, town- , ship 12, range 3. This identical property, however, under the description of the E. % of the S. W. % of section 21, township 12, range 3, is included in the succession sale made by defendant, as administrator of the estate of Amanda Radesich, to R. E. Milling on December 24, 1892, and is inventoried in the succession of Amanda Radesich.
The plaintiffs attack the sale (to Milling made by the administrator of the succession of Amanda Radesich in 1892, solely upon the *473 ground of the illegal interposition of Milling as the representative of the administrator. Plaintiffs having abandoned that position, and it appearing further on in this opinion th¿t there is not sufficient evidence to establish the sale to defendant by the administratrix of the succession of Luca Radesieh in 1882, the records having been destroyed by fire, it necessarily follows that the title of defendant from Milling to the lands in sections 21 and 22, township 12, range 3, is valid and must prevail.
This leaves the following property in dispute: S. W. % of N. E. % and S. W. % of S. E. % of section 27; E. %, N. % of N. W. %, and S. W. % of N. W. % of section 28; N. W. % of N. W. Vi and S. Va of N. E. % of N. W. % of section 29, all in township 12 north, range 3 W.
[2] The defendant, Antonne W. Eadesich, Sr., plea'ds against plaintiffs’ demands the prescriptions of 10 and 30 years as to these lands. The 10-year prescription is based upon a succession sale alleged to have been made to defendant by Amanda Eadesich, administratrix of the estate of Luca Eadesich, under order of court, at public auction, and after due advertisement, on or about February 25, 1882. He alleges that said administratrix, on or about March 10, 1883, executed to him a warranty deed to the land in section 28, township 12, range 3, which was filed and recorded in the recorder’s office of the parish of Winn, and that said deed, together with the other records in said office, was destroyed by fire. The destruction of these records by fire November 23, 1886, is admitted. Defendant has produced no copy of this deed, no witness to the deed, or other person who claims to have seen it of record, tie has failed to prove any order of court authorizing the sale of this property. He has produced no advertisement for its sale. He has offered no witness but himself to show that such sale ever took place. In fact, defendant does not testify that the administratrix executed any deed to him at all, or that said deed was recorded, but states that he bought 440 acres of land in section 28 at the succession sale of his father’s estate, in the year 1882, and, as evidence of this fact, he filed at the trial a promissory note for $12.20, describing the property in question, and also lands in sections 21 and 30, township 12, range 3. This instrument reads as follows:
$12.20. Winn Parish, La., Feb. 25, ’82.
“Twelve months after date we in solido promise to pay to Mrs. Amanda Eadesich, administratrix of the succession of Luca Eadesich, deceased, tfie sum of twelve and twenty-hundredths dollars ($12.20) with 8 per cent, interest per annum from date hereof. The above obligation for the purchase price of the following described lands, viz.: [Description of lands in sections 21, 28, and 30, township 12, range 3] — containing 440 acres, more or less. Vendor’s special lien and mortgage is hereby retained.
"(Signature of maker of above note is torn out.)
“Attest:
“J. T. Wallace.
“E. L. Tannehill.”
On the back of this note is the following, indorsement:
“Received payment in full .on the written note March 10, 1883. E. L. Tannehill,
“Per M. B. Little.”
There is no evidence in the record to show that this property, when first offered at public auction, failed to bring two-thirds of its appraised value, and that afterwards it was reoffered for sale on 12 months’ credit for cash without appraisement.
The note is not signed by a good and solvent surety, as is required by law, when a 12-months bond is executed.
Defendant at first testified that this note contained no errors, but afterwards admitted that he had purchased no lands in 1882 in sections 21 or 30, township 12, range 3, and that these lands were included through mistake in the description in said note. In attempting to prove the signature of the at *475 testing witnesses to the note and to the receipt, the clerk of the court was offered as a witness. He testified that he was not familiar with the handwriting of M. B. Little, deputy sheriff, and that, while he had seen the signatures of R. L. Tannehill, sheriff, at that time, he was more familiar with the handwriting of J. T. Wallace.
“Q. Do you recognize his (Wallace’s) signature to that document?”
“A. I didn’t testify positively that these are their genuine signatures, but they resemble their signatures.”
The testimony of this witness as to the genuineness of the signatures of R. T. Tannehill, witness to note, and of M. B. Little, deputy sheriff, who signed the receipt in the name of R. T. Tannehill, sheriff in 1882, is very weak as to the signature of Tannehill, while this witness did not pretend to be acquainted with the signature of Little, deputy sheriff, at all. When the vileness of the price, less than 3 cents per acre for a tract of land of 440 acres, the weakness of the testimony as to the genuineness of the signatures of the sheriff and his deputy, the lack of evidence as to any reoffer of this property on 12 months’ credit, the admitted error as to certain lands described in said note, the absence of any surety on this note, if intended as a 12-months bond, the failure to produce a witness who ever saw the deed — when all of these matters are taken into consideration and fairly weighed, we are forced to the conclusion that said note cannot be reasonably considered, either as a title translative of property, or as satisfactory proof of its sale in a succession proceeding. Babington Bros. v. Barber, 124 La. 1042, 50 South. 844 ; Id., 128 La. 1066, 55 South 676 ; Grotevant v. Dorrestein, 152 La. 734, 94 South. 372.
The prescription of 10 years is therefore overruled.
[3] Now are we of the opinion that the prescription of 30 years pleaded by the defendant should be sustained.
Luca Radesich, the father of defendant, died October 28, 1878. Amanda Radesich, the surviving widow in community and usufructuary, continued to reside upon the property until her death January 7, 1892.
It cannot be contended seriously that, because defendant resided there with her, his possession, in the absence of recorded title, was adverse to hers, as exclusive owner during that period.
This suit was filed by plaintiffs January 16, 1920, and judgment was rendered in favor of defendants April 26, 1920, within less than 30 years after the death of Amanda Radesich, the mother of defendant.
'At the death of Amanda Radesich, in 1892, all of the heirs became owners in indivisión of that portion of the community property which had not been disposed of, and interest in.which is now claimed by plaintiffs in the present suit, and within the prescriptive period of 30 years.
[4] The fact that defendant, after the death of his mother, wrote to his sister, Mrs. Satcher, who was then residing in the city of New Orleans, and who died in the year 1905, to come to see him, so as to decide what was to be done with the estate, is clear proof that defendant’s possession all the while had been merely as tenant is common for the joint benefit of all of his coheirs, and not as exclusive owner, with chain of title based upon adverse possession.
For the reasons assigned above, the prescription of 30 years pleaded by defendant in bar of and against any rights plaintiffs may have for a partition or otherwise concerning this property is without merit. The action of partition cannot be prescribed against, as long as the thing remains in common and such community is acknowledged or proved. C. C. art. 1304.
The prescription of 30 years is therefore overruled.
The lands sold by defendant in which *477 plaintiffs seek to recover their interest are as follows:
A. W. Radesich to Mack E. Hobdy, N. W. % of N. W. % of section 28, township 12 north, range 3 west, 40 acres. Consideration, $200; date of deed, February 10, 1917.
A. W. Radesich to H. E. Keiser, S. % of S. E. % and S. E. % of S. W. % of section 28, township 12 north, range 3 west, 120 acres. Consideration, $600; date of deed, September 15, 1917.
A. W. Radesich to Ed. Robinson, S. W. % of N. W. % of section 28, township 12 north, range 3 west, 40 acres. Consideration, $200; date of deed, November 24, 1917.
It will be observed that defendant had no title to these lands by purchase from the succession of his deceased father and mother, nor by prescription of 30 years acquirandi causa. As all of these sales were made by defendant in the year 1917, and as this suit was instituted in the year 1920, it is clear that the prescription of 10 years pleaded by the vendees of A. W. Radesich, defendant, is without the least foundation to sustain it.
[5] As the defendant, Antonne W. Radesich, had not acquired this property by prescription at the time he sold it to Keiser, Hobdy, and Robinson, he could not be considered as holding under a just title as owner, and hence his possession cannot be added to that of defendants. C. C. art. 3450, 3451, 3456 (Rev. C. C. arts. 3484, 3485, 3490); Girault v. Zuntz, 15 La. Ann. 684 ; Sibley v. Pierson, 125 La. 514, 51 South. 502. Defendant’s possession in fact was not exclusive as owner, but for his coheirs. The plea of prescription is overruled.
[6] We find no calls in warranty in any of the answers filed in this case, except in that of John W. Keiser and Mrs. Grace Egolf (born Keiser), wife of Charles Egolf, the sole heirs and legal representatives of H. E. Keiser, who died after the institution of this suit.
The defendant Antonne W. Radesich is called in warranty by said heirs in their answers filed in this suit. They pray, in event of eviction, that they recover against said defendant the full sum of $600, the purchase price paid defendant for said land by their deceased father, with 5 per cent, interest from September 15, 1917, the date of said .deed, and for judgment against plaintiffs for the' amount of taxes paid by their father on said land, estimated at least at $100, with 5 per cent, per annum interest thereon.
[7, 8] .The heirs of H. E. Keiser are entitled to judgment for the amount of said purchase price, $600, with interest at the rate of 5 per cent, from September 15, 1917; but we fail to find in the record any proof as to the payment of taxes on this property by H. E. Keiser. This part of their demand should therefore be dismissed as of nonsuit. The defendant A. W. Radesich, Sr., pleads the prescriptions of 1 and 10 years in bar of any recovery for the purchase price of property and timber sold by him, and for which plaintiffs ask that he be required to collate to said successions in the sum of $2,500.
As defendant, a forced heir, received no gift or advantage from his parents themselves, no collation is due by him to their successions. C. G. art. 1227. His obligation is to account to his coheirs in a partition proceeding for so much of the property held in common, in'excess of his share, as he may have appropriated, but not by way of collation. Sibley v. Rierson, 125 La. 512, 51 South. 502, on rehearing.
[9] A demand by one coheir of another to account in a partition proceeding for a portion of the property owped in indivisión which the latter has appropriated, though possibly as an independent demand barred by a comparatively short prescription, is subject, as an incident to the partition, only to the prescription by which the action for partition would be barred, and such action cannot be prescribed against so long as the thing remains in common and the community is acknowledged or proved. Sibley v. Pier- *479 son, 125 La. 480, 51 South. 502 ; King v. Wartelle, 14 La. Ann. 742 ; Aiken v. Ogilvie, 12 La. Ann. 353 ; Succession of Couder, 46 La. Ann. 272, 14 South. 907.
In the case of Davis v. Ruddock-Orleans Cypress Co., 132 La. 985, 62 South. 114, we approved as sound the following proposition of law:
“The relations between a tenant in common, in the possession and sole enjoyment of the common property, and Ms cotenants, has been regarded as that of a principal and agent; hence such tenant is not protected by the statute of limitations from accounting with his cotenants for rents and profits. The statute does not begin to run in his favor until the relationship existing between the parties terminates, as upon partition, ouster, or demand and refusal to account. A. & E. Enc. of Law (2d Ed.) vol. 17, p. 696 ; 38 Cyc. pp. 36, 37, 100.”
In Breaux v. Albert Hanson Lumber Co., 125 La. 421, 51 South. 444 ; and in Poirier v. Burton-Swartz Cypress Co., 127 La. 936, 54 South 292, it was held that the claim of an owner in indivisión against his co-owner, for the value of his interest in timber cut by the latter from the land held in common, is not barred by the prescription of one year. In approving these decisions in in the Davis v. Ruddock Co. Case, the court declared that they were, based upon “a familiar and accepted doctrine,” the law as to which we have already quoted above.
In the Davis v. Ruddock Co. Case it was held that where parties own land in indivisión, and the owner in • possession acquires ■and sets up a title to the interest of his co-owner, and refuses, on the demand of the latter, to account for timber cut from the land, such co-owner should bring his suit for the damages resulting from such cutting within the year after he is informed of it, else his claim will become prescribed.
In that case the defendant was holding the entire tract by a. title adverse to that of plaintiffs and duly recorded. Plaintiffs made a written demand upon the Ruddock Company for an accounting, and in a formal réply said, company set up its title to said land, and refused to comply with the demand of plaintiffs. The relationship of cotenants had terminated by the acquisition of the entire property by defendant in the Davis-Ruddock Company Case and by its refusal to account as a cotenant to plaintiffs. Plaintiffs in that case permitted more than a year to run after the adverse claim asserted by defendant company and its refusal to account. This removed the case out of the familiar and accepted the rule that 'a cotenant is not protected by the statute of limitations from accounting with his cotenants for rents ^.nd profits, as long as said cotenancy exists or can be proven, a doctrine also applicable to the incidental- demands for accounting in suits for partition between coheirs, as shown by decisions already cited in this opinion.
The defendant in the present case does not hold under written, recorded title, nor has he been in possession of the lands, title to which is claimed by him under the prescription of 30 years, as exclusive owner, biit merely as cotenant. Nor was any demand made, according to his own testimony, upon defendant either for the property or for any accounting at any time.
Cotenancy and community having been proven to exist down to the date of the filing of this suit for partition and for accounting by plaintiffs as coheirs, no prescription has run, and under the authority of the cases cited herein, the prescriptions of 1 and 10 years are overruled.
The sales of lands for which plaintiffs demand of defendant an accounting were made by him to Larkin Vines in 1890, to E. Vines in 1892, to South Arkansas Lumber Company in 1900, and the sale of timber was made by defendant to Hall and Segan in 1901.
Plaintiffs have abandoned their claim as to the sale of the land to E. Vines for $200 on *481 credit, as defendant testifies that he did not collect the purchase price, but took the land back. Plaintiffs, however, are entitled to recover of defendants one-third of:
(1) $1,100, received by defendant for sale of timber to Hall and Segan October 18, 1901.
(2) $1,120, received by defendant for sale of land to South Arkansas Lumber Company September 10, 1900. ■
(3) $100, received by defendant for sale of land to Larkin Vines April 27, 1892 — or a total of $2,320.
[10] The defendant in reconvention, An-tonne W. Radesich, Sr., sets up a claim for $1,500 for taxes, paid on this property during a number of years, and a claim for $1,612.25 contained in his final account as administrator for the support of his mother, Amanda Radesich. This account was duly homologated and made the judgment of the court on January 28, 1893. This is a judgment for money in favor of the administrator of an estate, and no prescription has been pleaded-against said judgment by plaintiffs. It is a final judgment, and for this reason, we cannot review the objections now urged against it by counsel for plaintiffs. Wade v. Caspari, 24 La. Ann. 211; Walling Heirs v. Succession of Joseph Hówell, 34 La. Ann. 1104.
The claims of plaintiffs for $5,000 rent since 1893, and of defendant in'reeonvention for taxes paid and for improvements made on the property which plaintiffs seek to recover in this case, have not been established with legal certainty, and must be dismissed as of nonsuit.
[11] (1) Claims for Rent. Plaintiffs have failed to prove the rental value in money of this land per acre, and have offered only evidence to the effect that the customary rent is one-third of the cotton and one-fourth of the corn produced each year. There is no evidence in the record to show with reasonable certainty the quantity of cotton or corn produced on these lands for any particular year; the crops fluctuating each year in the number of bales of cotton and of bushels, of corn, and the annual yield being a matter of mere estimate or conjecture.
[12] (2) Value of Improvements. The .testimony shows that the improvements exist, to the greatest extent, on the home place in section 21, defendants’ title to which has been declared valid in this case. Of course, there can be no recovery by him for these improvements. As to the sums expended in keeping up fences on the lands in dispute, the amount, stated by defendant at from $75 to $100 yearly, is not based upon any receipt for material used or labor hired for this purpose, but is a matter purely of guesswork, without any evidence before us to enable us to determine- whether such estimate is, correct or incorrect.
(3) Payment of Tams by Defendant. An examination of the tax’ receipts and assessment sheets filed in evidence shows that these taxes were p'aid on movables belonging to defendant, and on immovables owned by him, as well as on some of the lands claimed by plaintiffs in this suit. It is not possible for us to segregate the taxes paid on these movables- from those paid on the immovables, nor those paid by defendant on his own lands from those paid by him on the lands in controversy in this suit, and to determine the specific amount paid by him on the property belonging to these estates and which is sought to be revendicated by plaintiffs and to be partitioned among all the coheirs in this proceeding.
[13] Plaintiffs are therefore entitled to recover -in this case their interest in all of the lands described in their petition, except the lands embraced in the deed from Milling to defendant. Plaintiffs are also entitled to recover their interest in the sum of $2,320, the purchase price received by defendant from the sales of land and timber owned in common by him and his coheirs and not previously accounted for, with 5 per cent, per an *483 nuru interest thereon from judicial demand. Sibley v. Pierson, 125 La. 479, 51 South. 502.
[14] Defendant Antonne W. Radesich is entitled to judgment recognizing his right to collect the judgment for $1,612.25 in his fav- or, with interest, out of the proceeds of the sale of this property, and also decreeing the personal liability of his cohbirs for any deficit, as they have accepted by this proceeding unconditionally the successions of Luca and Amanda Radesich.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed:
(1) That the sales from defendant Antonne W. Radesich, Sr., to Mack E. Hobdy of the N. W. Yk of N. W. Yk of section 28, of date February 10, 1917, and from defendant to Ed. Robinson of the S. W. Yk of N. W. Yk of section 28, of date November 24, 1917, and from defendant to H. E. Keiser of the S. % of S. E. Yk and S. E. Yk of S. W. Yk of section 28, of date September 15, 1917, all in township 12 north, range 3 west, parish of Winn, be and are hereby annulled and set aside, and said property is declared to be a part of the community of acquets and gains formerly existing between Luca and Amanda Radesich, deceased, and to be owned in indivisión by the heirs,of decedents.
(2) That there be judgment in the sum of $600, with 5 per cent, per annum interest from September 15, 1917, against defendant An-tonne W. Radesich, Sr., in favor of John W. Keiser and Mrs. Grace Egolf, wife of Charles Egolf, legal representatives and sole heirs of H. E. Keiser, deceased, under their claim of warranty of title by defendant Antonne W. Radesich to H. E. Keiser, deceased, because of eviction from said property by plaintiffs.
(3) That there be judgment declaring the following described property to be a part of the community of acquets and gains formerly existing between Luca and Amanda Radesich, deceased, and to be owned in indivisión by the heirs of decedents: S. W. Yk of N. E. Yk and S. W. % of S. E. Yk of section 27; N. E. Yk and N. Y¡ of S. E. % and N. E. % of N. W. Yk of section 28; N. W. Yk of N. W. Yk and S. y2 of N. E. Yk of N. W. Yk of section 29 — all in township 12 north, range 3 west, parish of Winn.
(4) That the heirs of Luca and Amanda Radesich, deceased, be and they are hereby decreed to be the owners in indivisión of all of the property described in subheads (1) and (3) of this decree, in the following proportions, to wit: Plaintiffs, Inez Satcher, Samuel H. Satcher, and Bella Satcher. children of Pernicia Radesich, deceased, one-third of the whole collectively, or one-ninth individually; defendant Antonne W. Radesich, Sr., one-third of the whole; and A. W. Radesich, Jr., as the heir and representative of A. J. Radesich, deceased, and as heir and representative of his deceased sister, Mrs. Irene Jones, born Radesich, seven twenty-fourths of the whole; Mrs. Nancy R. Barnes, as mother and an heir of Mrs. Irene Jones, bom Radesich, deceased, one twenty-fourth of the whole.
(5) All of said property shall, in order to effect a partition, be sold at public auction, after due advertisement, and after due appraisement.
(6) That there be judgment in favor of Antonne W. Radesich, Sr., and against his coheirs, named herein, recognizing him as the true and lawful owner of the lands included in the act of sale from R. E. Milling of date January 28, 1893, said lands being described as follows: S. E. Yk, W. Ys, of N. E. Yk, and E. i/2 of S. W. Yk of section 21, and S. W. % of S. W. Yk, S. y2 of N. W. Yk, "and S. W. Yk of N. E. Yk of section 22 — all in township 12 north, range 3 west, Winn parish.
(7) That the demand of plaintiffs for rents, and the reconventional demands of defendant Antonne W. Radesich for improvements alleged to have been made and for taxes alleged to have been paid by him on the lands *485 in controversy, and the demand of the heirs of H. E. Reiser for payment of taxes, are hereby dismissed as of nonsuit, and at the cost of the claimants.
(8) That there be judgment in favor of plaintiffs and the other coheirs against An-tonne W. Eadesieh, Sr., for their respective interests in the sum of $2,320, the purchase price received by defendant from sales of land and timber owned in common by him and his coheirs and not accounted for, with 5 per cent, per annum interest thereon from judicial demand, and that the judgment in favor of Antonne W. Eadesieh for the sum of $1,612.25, with interest, rendered January 28, 1893, for balánce due him as administrator of the succession of Amanda Eadesieh, deceased, be compensated to the extent of the interest of said heirs in said sum of $2,320, with interest from judicial demand.
(9) The proceeds of the property, when sold, shall be divided as follows:
(a) The court costs in the matter of the partition proper shall be first paid, and are to be borne by the successions of decedents.
(b) The balance due, principal and interest, on the judgment of Antonne Eadesieh for $1,612.25, shall be paid next.
(c) The rest of the proceeds shaE be divided in proportion to the interests, of the respective coheirs.
(d) If said proceeds are not sufficient for the payment of the balance due on the judgment of the said Antonne W. Eadesieh, Sr., then the coheirs of the said Antonne W. Eadesieh, Sr., are hereby decreed to be personally liable for said deficit, each for his virile share.
(10) That the clerk of the court in and for the parish of Winn, ex officio notary public, is hereby appointed to make the partition between the parties, and he is directed to make a return of his action in the premises.
(11) The parties to this litigation are referred to the said clerk and notary public.
Defendants to pay the costs of the lower court, and the costs of appeal to be divided equally between plaintiffs and defendants.