Plaintiff sues for the recovery of $794 from defendant, representing the return of a cash consideration of $294 paid on the purchase of two lots in Caddo Parish, Louisiana, together with the sum of $500 claimed to be due as increased value of said property.
The facts show that pursuant to the fulfillment of the terms and conditions of a contract of sale, the defendant, J.L. Monkhouse, on date of May 21, 1927, executed a warranty deed conveying two particularly described lots located in Caddo Parish, Louisiana, to plaintiff and his wife, who were at the time residents of Union County, Arkansas. The deed recited and acknowledged receipt of a cash consideration of $294. Although the deed was dated in 1927, it apparently was not transmitted and delivered to plaintiff until on or about May 27, 1929. Plaintiff never recorded the deed of conveyance and explains this apparently inexcusable laches on the ground that he assumed the law of Louisiana to be in accord with that of Arkansas, in which State abstracts of the deeds are recorded and the original instrument delivered to the vendee.
Some years after receipt of the deed plaintiff began to make inquiry with reference to taxes and the record contains letters to and from the Tax Collector of Caddo Parish dated in the year 1932. There was also filed in evidence a money order forwarded by plaintiff to the Sheriff and Tax Collector but returned to him uncashed. On the occasions referred to plaintiff was advised that the taxes on the property were assessed in the name of J.L. Monkhouse, defendant herein.
After these abortive attempts to determine and to pay taxes on the property, plaintiff apparently dismissed the matter of taxes from his mind, being influenced, according to his naive testimony, by the general impression left by the late Huey P. Long, on one of his visits in that particular section of the State of Arkansas, that he had effected the abolishment of real estate taxes.
The property in question was adjudicated to the State of Louisiana, for nonpayment of taxes thereon, in or about the year 1933, the exact date not being reflected by the record.
On February 18, 1943, the identical property involved in this action was conveyed by the defendant, J.L. Monkhouse, to Vincent Maranto for a cash consideration of $70, and the deed evidencing this transaction was properly recorded. At some time subsequent to this transaction the property was redeemed by Maranto from the State of Louisiana.
In or about the early part of the year 1945 this plaintiff removed to Caddo Parish, Louisiana, and, after investigation, obviously made for the purpose of taking possession of his property, discovered the facts above set forth. As a result of his investigations this suit was instituted.
The record before us is vague and defective with respect to several matters, the date of the adjudication of the property to the State; the date of the redemption thereof; and the omission of the deed from Monkhouse to Maranto, despite which defects and omissions the nature and contents of these matters are sufficiently well reflected from the testimony to permit us to proceed with a determination of the matters involved herein.
On behalf of defendant a plea of non-joinder was filed and overruled, which plea apparently has been abandoned, since no reference has been made thereto by counsel for defendant in this Court. A further exception of "no cause or right of action" was referred to the merits but we have not been enlightened as to the grounds which formed the basis of his exception, and therefore assume that it, too, has been abandoned. Pleas of prescription of one, five and ten years, liberandi causa, were filed on behalf of defendant, and it is apparently *Page 803 
upon the basis of these pleas that defendant has rested his claims.
After trial on the merits, plaintiff's demands were rejected without assignment of written reasons for judgment, and plaintiff now prosecutes this appeal.
Defendant opposes plaintiff's demands on several grounds which may be briefly summarized as follows:
(A) That plaintiff was deprived of his ownership of the property by reason of his own negligence and carelessness.
(B) That the forfeiture or adjudication of the property to the State of Louisiana for unpaid taxes divested plaintiff of his interest.
(C) That Article 2479 of the Civil Code denominates the taking of possession of an immovable, subsequent to tradition or delivery thereof by the vendor, as a trespass, which, accordingly, would be prescribed in one year.
(D) The prescriptions of five and ten years, which, while not discussed by counsel, are apparently predicated upon the prescriptions against personal and contractual obligations.
These several points we propose to discuss seriatim, as follows:
[1] Unquestionably the negligence, carelessness and laches of plaintiff in failing to seasonably record his deed to the property is responsible for the predicament in which he finds himself. But, while such laches might be a valid defense on the part of third parties, it cannot be interposed by the vendor of property, who, by his own act, has been guilty of depriving plaintiff of title thereto. We know of no theory under which a man, who sells the same property to different parties, can or should be protected against the consequence of his own ill-advised acts. While in the instant case there is no evidence of any intentional fraud on the part of this defendant, it is indisputable that nonetheless he, and he alone, has committed the offense of making two sales of the same property to two different parties, each for a valuable cash consideration. The laches of the vendee cannot be relied upon by a vendor in order to relieve himself of his personal obligations of warranty. Clark v. O'Neal, 13 La. Ann. 381; Boyer v. Amet, 41 La. Ann. 721, 6 So. 734.
[2-4] The contention that the adjudication to the State divested plaintiff of his rights to the property is untenable. While we concede the soundness of counsel's argument, supported by appropriate citations of authority, to the effect that following the period of redemption the State may offer for sale and convey title to property held in its name by reason of adjudication for unpaid taxes, it is obvious that until such action is taken, the property is subject to redemption. What might have been done is not a matter at issue, since we can only be concerned with what was done. So long as the inchoate title to the property remained in the State of Louisiana, it was subject to redemption upon payment of accrued taxes, costs, etc., in accordance with the established regulations and procedure, in the name of the assessed owner at the time of the adjudication. Such redemption, when effected, of course, redounds to the benefit of the assessed owner or his vendees under properly executed and recorded muniments of title. The specific procedure provided for the redemption of adjudicated property is found in Section 8466 of Dart's Statutes, Act No. 175 of 1934, § 1, and it is noted that the right to redeem is expressly provided with respect to property to which title has been vested in the State or any of its political subdivisions by reason of adjudication.
Article 2479 of the Civil Code governs the tradition or delivery of immovables and prohibits any acts on the part of the seller which would prevent the taking of corporeal possession by the buyer. The matters comprehended by this article, which is found in Section 1 of Chapter 6 of Title 7 of the Act, are not in conflict, nor do these lessen the specific obligations imposed upon the seller, which are found in the articles of Section 2 of the same chapter and title, dealing with warranty in case of eviction.
[5, 6] The action of warranty, being a personal action, is governed by the prescription of ten years, liberandi causa, under the provisions of Article 3544 of the Civil Code, which prescriptive period begins *Page 804 
to run as soon as the cause of action arises. The cause of action in the instant case arose only when, by the execution of a deed to Vincent Maranto on date of February 18, 1943, J.L. Monkhouse breached the warranty of title on which he had obligated himself to plaintiff through the execution of a prior deed. It is evident, therefore, that this action has been brought well within the ten-year period.
It is contended on behalf of defendant that plaintiff has not specifically denominated his action as being one of warranty and that it is in fact an action for damages arising ex delicto, which would be prescribed by the lapse of one year.
While it is true that plaintiff's petition does not clearly set forth the basis upon which he predicates his right of recovery, nonetheless, it sufficiently identifies the relief sought as being the return of the purchase price, together with the enhanced value of the property. The return of the purchase price being an element of the seller's obligation under his warranty, there can remain no question but that the greater relief sought by plaintiff must be held to comprehend the lesser relief to which he is entitled.
[7, 8] The distinction with regard to the prescriptive periods as between actions ex delicto and actions which are both ex delicto and quasi ex contractu is aptly and plainly made in the case of Prudential Savings Homestead Society v. Gondolf, No. 7169, Court of Appeal, Orleans Parish, Teissier's Digest, p. 142. See Louisiana and Southern Digest, as follows:
"Where the unlawful act of one person simply damages another without resulting benefit to the wrongdoer, there is a simple tort; and the action for reparation is prescribed by one year.
"Where the unlawful act of one person not only damages another, but also enriches the wrongdoer, there arises an action both ex delicto and quasi ex contractu and the action to recover the unlawful gain is barred by the prescription of ten years."
It seems clear to us that when defendant made the second sale of the property for a cash consideration he was guilty of the performance of an act which damaged this plaintiff by depriving him of the property, and, further, he enriched himself to the extent of the consideration received.
As to the obligations of the seller, Articles 2501, 2504 and2505 of the Civil Code specifically provide for the restitution of the purchase price even in cases where there was no stipulation of warranty. Article 2506 of the Civil Code, which deals with cases in which warranty has been expressly promised, and which therefore would govern the instant case, reads as follows:
"Eviction — Warranty against — Buyer's rights. — When there is a promise of warranty, or when no stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller:
"1. The restitution of the price.
"2. That of the fruits or revenues, when he is obliged to return them to the owner who evicts him.
"3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
"4. The damages, when he has suffered any, besides the price that he has paid."
[9, 10] Since the plaintiff herein has not been in possession of the property, and since there have been no fruits or revenues derived therefrom, there is no liability on the part of defendant to this extent. But, we are convinced that plaintiff is entitled to the restitution of the price and to the costs occasioned by this action. True, in addition to this relief, plaintiff also seeks recovery of the increase in value of the property itself, which can only be recoverable, if at all, under the above provision regulating the recovery of damages in addition to the price. But, it is established that neither the enhancement nor the depreciation in value of the property as of the date of eviction are proper elements of damages. Boyer v. Amet, 41 La. Ann. 721, 6 So. 734.
However, plaintiff is entitled to interest at 5% from the date of sale under the authority of Satcher v. Radesich,153 La. 468, 96 So. 35.
For the reasons assigned, the judgment appealed from is reversed and set aside, *Page 805 
and there is now judgment in favor of plaintiff, Ellis A. Whitten, and against the defendant, J.L. Monkhouse, in the sum of $294, with interest thereon at the rate of 5% per annum from date of May 27, 1929, until paid, together with all costs of this suit.