The facts upon which the rule was issued in this case are identical with those in the matter of Trimble v. Employers Mutual Casualty Co., 213 La. 644, 35 So.2d 416, and it was consolidated and submitted for our decision with that case.

For the reasons given in the Trimble case, the rule issued herein is discharged at applicant's cost.

35 So.2d 418

**WHITTEN v. MONKHOUSE.**

No. 38539.

April 26, 1948.

Dickson & Denny, of Shreveport, for applicant.

Robert J. Newson, of Shreveport, for respondent.

O'NIELL, Chief Justice.

The only question at issue in this case concerns the date from which the interest at the rate of 5% shall be allowed on the amount of the judgment rendered by the court of appeal.

The plaintiff sued for $794.00 for an alleged breach of contract of warranty in a deed by which the defendant sold him certain property. The district court rejected the plaintiff's demand, but on appeal to the court of appeal the judgment was reversed and a judgment was rendered in favor of the plaintiff for $294.00 with legal interest from May 27, 1929. 29 So.2d 800. That is the date on which the warranty deed was delivered by the defendant to the plaintiff. The defendant applied to this court for a writ of certiorari and

review, complaining not only of being condemned to pay the principal sum of $294.00 but also of being condemned to pay interest for so long a period as that for which the interest was allowed by the court of appeal. This court granted the writ of certiorari and review, but expressly limited it to a consideration of the date from which the interest should be allowed. In granting the writ we stated that limitation and stated that in other respects the judgment of the court of appeal was correct.

In his petition to the district court the plaintiff averred that he was entitled to legal interest "from the date of judicial demand"; which date was December 4, 1945. In the prayer of his petition he prayed for interest at 5% but did not repeat the date from which the interest should be computed. The defendant invokes now article 553 of the Code of Practice, which declares that interest shall not be allowed on a judgment for a sum of money unless the interest is expressly claimed. The defendant's argument is that the claiming of the interest in the prayer of the plaintiff's petition in this case was not sufficient because he did not state the date from which he claimed the interest. Our opinion is that that part of the prayer of the petition in which the plaintiff claimed interest at 5% per annum should be read in connection with his allegation that he was entitled to legal interest from the date of judicial demand. Hence we hold that the claim or prayer was for legal interest

from the date of judicial demand, and was a sufficient claim to entitle the plaintiff to the interest from that date; which date was December 4, 1945. The prayer, however, could not justify the allowance of interest from May 27, 1929, or from any other date earlier than the date of judicial demand.

The judgment of the court of appeal is amended by allowing the plaintiff interest on the amount of his judgment, $294.00, at 5% per annum from the date of judicial demand, that is, from December 4, 1945; in other respects the judgment of the court of appeal stands affirmed. The costs incurred in this proceeding in the Supreme Court are to be borne by the plaintiff; all other costs are to be borne by the defendant.