CUMIS INSURANCE SOCIETY, INC., and Cuna Mutual Insurance Group, Plaintiffs,

v.

Ruth C. HILL and Newton Hill, Defendants.

Civ. A. No. 83–165–B.

United States District Court, M.D. Louisiana.

Nov. 17, 1983.

---

Russell L. Dornier, Gary & Field, Baton Rouge, La., for plaintiffs.

Kenney L. Riley, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on motion of the defendants, Ruth C. and Newton Hill, for summary judgment. No oral argument is required on this motion.

This suit arises out of the alleged theft of funds by Ruth C. Hill from her employer, ICI Federal Credit Union. The plaintiffs, Cumis Insurance Society, Inc., and CUNA Mutual Insurance Group, made payment in the amount of $17,945.57 to the ICI Federal Credit Union pursuant to a fidelity surety bond. This bond insured the credit union for losses arising out of employee theft. The plaintiffs obtained a transfer and assignment of all rights and claims of ICI Federal Credit Union against Ruth C. Hill, and filed this suit seeking to recover the funds paid to ICI Federal Credit Union.

The defendants have now filed a motion for summary judgment. The defendants allege in their motion that this action is governed by the one-year prescriptive period proscribed by Louisiana Civil Code article 3536, which provides that actions resulting from offenses or quasi-offenses must be brought within one year. The defendants further allege that since the plaintiffs filed suit more than one year after they knew or would have known of the alleged theft, defendants are entitled as a matter of law to a summary judgment dismissing the plaintiffs' claim.

While the plaintiffs' action may be characterized as an action arising out of the offense or quasi-offense of the defendant Ruth C. Hill, it is also properly characterized as an action arising in quasi-contract.

The court in *Whitten v. Monkhouse,* 29 So.2d 800 (La.App. 2nd Cir., 1947), modified on other grounds, 213 La. 651, 35 So.2d 418 (1948), citing earlier cases, stated:

> Where the unlawful act of one person simply damages another without resulting benefit to the wrongdoer, there is a simple tort; and the action for reparation is prescribed by one year.

> Where the unlawful act of one person not only damages another, but also enriches the wrongdoer, there exists an action both ex delicto and quasi ex contractu and the action to recover the unlawful gain is barred by the prescription of ten years.

The defendants' quasi-contractual obligation, if any, is governed by the terms of Article 2301 of the Louisiana Civil Code which provides: "He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it." The courts of Louisiana have consistently held that actions arising out of theft or embezzlement are governed by principles of quasi-contract. See *Kramer v. Freeman,* 198 La. 244, 3 So.2d 609 (1941); *First State Bank & Trust Company v. Fireman's Fund Insurance Company,* 399 So.2d 729 (La.App. 1st Cir., 1981); *Devoe & Raynolds Co., Inc. v. Robinson,* 109 So.2d 226 (La.App.Orl.Cir., 1959).

Actions in quasi-contract are not governed by the one-year prescriptive period of Civil Code Article 3536, but are governed by Article 3544 of the Louisiana Civil Code. See *Kramer v. Freeman, supra; Whitten v. Monkhouse, supra.* Article 3544 provides: "In general, all personal actions, except those before enumerated, and prescribed by ten years."

Considering the foregoing, the Court finds that the defendants' motion for summary judgment is without merit.

Therefore:

IT IS ORDERED that the defendants Ruth C. and Newton Hill's motion for summary judgment be, and is hereby DENIED.